STEPHEN VAN RENSSELAER *et al.* executors, &c. agt. ALBERT PALMATIER.

A declaration must be served personally; no service short of that is good. Where it was shown that in the manor of Rensselaerwyck it was almost impossible to get personal service upon a defendant at the suit of Stephen Van Rensselaer, and facts were stated showing that a defendant kept out of the way to avoid service of declaration at the suit of Stephen Van Rensselaer's executors, and that the circumstances *went strongly to show that the defendant had seen the declaration intended to have been served upon him, it having been left with a man in defendant's employ with directions to serve it on defendant, and the deputy sheriff had told defendant he had such a declaration to serve on him : it was *held* that nothing but personal service was sufficient.

*December Term*, 1845.

MOTION by defendant to set aside judgment, on the ground that no declaration had been served on him.

The deputy sheriff started to serve a declaration on the defendant, and met him in a wagon on the highway. The deputy, who was known to the defendant, asked him to stop, saying that he wanted to see him. The defendant replied, " you can't see me to-day, sir," and rode on ; before he had got fifteen feet off, the deputy cried out after him, in a voice loud enough to be heard, that " he had a declaration to serve on him at the suit of Stephen Van Rensselaer's executors, which he wanted him to take." The defendant made no reply, but kept riding on. The next day the deputy went to the defendant's house, and searched for him through all the rooms on the first floor, which, however, were empty ; he tried to go up stairs, but found the stair door fastened on the inside. It was probable, from all the affidavits,

Van Rensselaer agt. Palmatier.

that the defendant saw the deputy coming to his house and hid himself to avoid service. The deputy then gave the declaration to one Hiller, who was at work in a woodshed near by, and who occupied part of defendant's house, requesting him to give it to the defendant. After the deputy went away the defendant saw Hiller, and Hiller told him that "he had received a paper from the man who had just gone away, but that he (the defendant) should not see it." Hiller had examined the declaration and found that as he said "it was a suit for rent, as he understood it, and supposing from what he had heard and understood in that town, that the tenants of Van Rensselaer did not wish to be served with process, he, deponent, did not ever at any time *give* said paper to the defendant, and never *showed* it to him, but purposely kept it from him." Hiller did not state whether he did or did not tell the defendant the contents of the declaration, nor did the defendant deny that he knew the contents of the declaration. The declaration was brought to the sheriff's office in Albany some days after, and it would seem Hiller told the sheriff's son that Mr. Palmatier directed him to bring the declaration back and say to him that it was served on the wrong man. The sheriff's son would not accept it, and Hiller carried it away and left it at a grocery, telling its keeper to give it the sheriff. The defendant swore that no declaration in the suit had ever been *served* upon him by the sheriff or his deputy or any other person. It was not denied by Hiller or the defendant, that the defendant sent Hiller back to *the sheriff's office with the declaration, with [*26] word that it had been served on the wrong man. The deputy further swore, that it was a matter of the utmost difficulty to serve process in favor of Stephen Van Rensselaer, that the tenants throughout the manor of Rensselaerwyck knew, by signals familiar to them and easily interchanged, when the sheriff was out, and that on such occasions they would hide and get out of the way to avoid service of process, and that he had no hopes of ever finding the defendant to serve a declaration on him unless it was by accident.

R. W. PECKHAM, *defendant's counsel.*
PECKHAMS & COLT, *defendant's attorneys.*
S. WILKESON, JR., *plaintiffs' counsel.*
VAN VECHTEN & WILKESON, *plaintiffs' attorneys.*

JEWETT, Justice. Held, that the declaration was not personally served, and that no service short of personal was good, and ordered the judgment to be set aside.

Motion granted with costs.