## Town of Charleston v. Town of Lunenburgh.

A writ against a town may be served by leaving a copy with one of the select-men, if the town clerk be absent from the state, notwithstanding there may be an assistant town clerk in the town, duly appointed by the town clerk and qualified.

Assumpsit. The defendants pleaded in abatement, that the writ was served upon them by delivering a copy thereof to N. W. French, one of the selectmen of the town, notwithstanding the town had a town clerk, duly qualified to act as such, and he had appointed an assistant town clerk, pursuant to the statute, who was also duly qualified to act as such, and that it did not appear from the officer's return, that either the town clerk, or his assistant, was absent from the state, at the time the service was made. The plaintiffs replied, that it did appear from the officer's return upon the writ, that the town clerk was absent from the state, at the time the writ was served, and that service was made by delivering a copy of the writ to one of the principal officers of the town, to wit, to N. W. French, one of the selectmen. To this replication the defendants demurred. The county court, June Term, 1848,—Davis, J., presiding,—adjudged the replication insufficient, and rendered judgment, that the writ abate. Exceptions by plaintiffs.

Charleston *v.* Lunenburgh.

*G. C. Cahoon* for defendants.

The replication is insufficient, because, while professing to answer the whole plea, it really answers but part,—merely asserting the absence of the town clerk, but not of his assistant, from the state. Gould's Pl. 39. 1 Chit. Pl. 444. To authorize an officer to serve process on a town by leaving a copy with one of its principal officers, the absence from the state, not only of the town clerk, but also of the assistant town clerk, must be established ; Rev. St.· c. 28, § 14; for by Rev. St. c. 13, §§ 28, 39, the assistant clerk, " during the sickness, *absence,* or other temporary disability" of the clerk, is invested with all the official functions, powers and duties of the latter. The copy should therefore have been left with him ; for it is not pretended that *he* was absent, nor is his legal existence, or competency to act, denied by the plaintiffs.

*E. G. Johnson* for plaintiffs.

A literal compliance with the statute does not require the copy to be left with the assistant clerk, but with·one of the principal officers, in the absence of the town clerk from the state. The statute does not speak of the assistant clerk ; Rev. St. 181, § 14; he is a mere deputy of the town clerk, and the town clerk is responsible for his official acts. Rev. St. 90, §§ 37–39. The statute provides only, that all records and copies, made and certified by the assistant clerk, shall be valid,—and not that he shall have all the powers of a town clerk, as in the case of a clerk appointed by the selectmen.

The opinion of the court was delivered by

POLAND, J. The question presented by the pleadings in this case is, whether a writ against a town (in case the town clerk is absent from the state) should be served by delivering a copy to the assistant town clerk, or with one of the selectmen, or other principal officers of the corporation. In this case the writ was served, in the absence of the town clerk, by giving a copy to one of the selectmen of Lunenburgh ; and the ground, upon which the abate-· ment is claimed, is, that it should have been delivered to the assistant town clerk.

The statute,—Rev. St. 181, sec. 14,—in reference to the service of writs upon corporations, requires the copy to be left with the

62

*clerk,* unless absent from the state, and in such case that the copy shall be left with some one of the principal officers of the corporation. It is claimed, however, by the defendants, that the term "*clerk,*" in the cases of town clerks, includes also the assistant clerk, which each town clerk is authorized to appoint. But we think not. The assistant town clerk is not an officer of the town, in any sense; he is appointed, not by the town, but by the town clerk, movable at his pleasure, and the town clerk is responsible for all his acts. He is, in fact, the mere clerk, or servant, of the town clerk. We think a minor, or other person not eligible to the office of town clerk, might well be appointed assistant clerk, and might legally perform all the duties required of such assistant. The service of the writ, in this case, was strictly in conformity to the statute, and we think the replication to the plea in abatement was a sufficient answer to it.

The judgment of the county court is therefore reversed, and judgment is to be entered, that the plaintiffs' replication to the defendants' plea in abatement is sufficient, and that the defendants answer over to the plaintiffs' declaration; and the cause is remanded to the county court for farther proceedings.