## JOHN G. CONROE, Respondent,

*vs.*

## JOHN BULL, Impl'ed, &c., Appellant.

### APPEAL FROM THE RACINE CIRCUIT COURT.

The power given by chapter 128 of the revised statutes to judges of the supreme or circuit courts to hear and determine applications in insolvency, and to grant discharges, is a special power conferred on those officers, and cannot be exercised by a court commissioner.

A discharge in insolvency under chapter 128 of the revised statutes granted by a court commissioner, is void.

This was an action upon the common counts, plea general issue, and also a special plea, setting out as a defence to the action the defendant's discharge in insolvency, made in pursuance as was alleged of chapter 128 of the revised statutes. The plea set forth all the proceedings in due and regular form, but they were commenced before, a court commissioner, and proceeded in to a final discharge, which was granted by said commissioner.

To this plea, the plaintiff demurred, for the reason that the commissioner was not authorized to grant the discharge, and the demurrer was sustained and judgment accordingly, from which the defendant appealed.

*Paine & Millett* for the Respondent.

The discharge in insolvency pleaded by the appellant is void, for the following reasons :

1. The act (chapter 128 of revised statutes, page 647) does not confer any power upon court commissioners to grant insolvent discharges, but only upon a judge of the supreme or circuit court.

2. The act being *sui generis,* conferring only a special power, for a special purpose, must be strictly followed and strictly construed.

3. But if the act does confer on court commissioners the power claimed, then it is in conflict with section 2, article 7 of the constitution of the State, as it is essentially a judicial power; it determines important rights both of liberty and property; the decision is final until reversed. He is invested with powers of a jury trial, and a writ of error lies directly to his judgment from this court. It has then all the elements of a judicial power, and the constitution confers no such power upon a mere court commissioner.

*J. W. Carey,* for the Appellant.

A county judge or court commissioner has authority to discharge an insolvent from his debts, in pursuance of the provisions of chapter 128 of the revised statutes.

A power given to a court, or a judge thereof, either by statute or common law, may be exercised by a court commissioner. *Moore vs. Merrit,* 9 Wendell, 482 ; *Harris vs. Mason et al.,* 10 Wendell, 568 ; see §§ 18 and 19, 2 Revised Statutes, N. Y., page 209. We have no such restrictions as is contained in the last section.

Revised statutes, page 104, section 75, provides for the appointment of court commissioners, and section 5, page 663, provides that " the judge of probate in each organized county, or the person having probate jurisdiction shall act as a court commissioner, and shall have and may exercise the power of a judge of the circuit court at chambers, &c. Session laws of 1850, page 35, confer same power of a judge of probate on court commissioners, and revised statutes 433, section 3, transfers the powers and duties of judge of probate to the judge of the county court. These provisions confer upon county judges " *the power of a judge of the circuit court at cham-*

*bers."* What is that power ? The judge of the court below was of opinion that it included only *" chamber business,"* strictly so called, which he claimed referred only to such business as might be transacted out of court in causes *pending* therein, and he therefore held that the county judge, in this case, had no authority to act. To this decision the appellant excepts.

1. The statute is not that he may perform chamber business, but that he shall have the power of a circuit judge at chambers, or, in other words, out of court, and therefore empowers a county judge to do any business that a circuit judge may do out of court, whether a proceeding in a cause pending in court or in a special proceeding. The term as now used and understood includes all business performed by a judge out of court; constitution of New York, 2 revised statutes 44; 209 §§ 18 and 19 ; Graham's Practice 26 ; 3 Chitty's General Practice 19.

2. The proceedings of an insolvent for his discharge under the provisions of chapter 128 of the revised statutes, is a cause or action pending in court from the time his petition is presented to the officer. This was a cause pending in the circuit court for Racine county. The proceeding eventuated in filing a record thereof in that court, and judgments were entered in pursuance of it. That the papers are not required to be filed in the clerk's office at the commencement of the proceeding, is no evidence that it is not a cause pending in court. Most of the actions under the code proceed to the time of judgment before any papers are filed. They are none the less, however, actions pending in court, as well before filing as after

Revised statutes, chapter 128.

*By the Court,* COLE J. Although the argument of the counsel for the appellant was quite plausible and ingenious,

by which he attempted to show that a county judge or court commissioner has authority under Chapter 128, R. S., to entertain proceedings and grant discharges in cases of insolvency, we yet think that this position cannot be sustained. The first section of the act declares that every insolvent debtor may be discharged from his debts, as thereinafter provided, upon executing an assignment of all his property, real and personal for the benefit of his creditors, and upon compliance with the several provisions of the chapter; and it is provided by the second section that such insolvent debtor shall petition a *judge of the supreme or circuit court*, praying to be discharged in pursuance of the provisions of the act, and shall annex, &c. It will be seen that the statute in express terms confers upon judges of the supreme and circuit courts the power to grant discharges in cases of insolvency without naming county judges or court commissioners, and it appears *to us that it* would be an unauthorized construction of the statute to say that these latter officers took the power by implication. The rule laid down by the authorities is, that where a new power is given by an affirmative statute, to a certain person, or class of persons, by the designation of those persons, all other persons are in general excluded from the exercise of the power. Foster's Case, 11 Coke, 56; Dwaris on Statutes, 641, (mar. p;) Smith on Constr. of Statutes, § 580. It was insisted by the counsel for the appellant that by the laws of this state a county judge or court commissioner was clothed with all the powers, and could exercise all the duties of a judge of the circuit court at chambers, and hence it was inferred a county judge or court commissioner could grant discharges in cases of insolvency. It is quite true that the statute provides that the hearing of the matter for discharging insolvents may be had before a judge of the circuit or supreme court, in vacation or out of term, but this is not what is understood to be the ordinary chamber business of a judge in vacation.

What the ordinary business of a judge at chambers is, can be ascertained by consulting works upon practice. (See 3, Chitty's Gen'l Prac., p. 19, *et seq.*; Graham's P. 26.) By long established usage a judge of courts of general jurisdiction at common law, performed certain acts at chambers generally relating to the minor practical proceedings which arise in conducting an action or defence. But the power of granting discharges in cases of insolvency is a special power, and derived from the statute. A judge of the supreme or circuit court could not transact this business unless expressly authorized so to do by law. The power to grant discharges in cases of insolvency is conferred upon them alone by the act, and we consider that it would be a very unreasonable and extravagant construction of the act to say that a county judge or court commissioner took the same power by implication.

It follows from what we have said, that the order of the circuit court sustaining the demurrer to the second plea of the appellant, must be affirmed.