TOWN OF FAIRFIELD v. GEORGE KING.*

*Service of Process. Town Clerk. Judgment. Supreme Court.*

An assistant town clerk is not a proper person on whom to make service of a writ against a town. He is not strictly an officer of the town, and service made upon him would not be legal.

Upon a petition to set aside a judgment, on the ground that the petitioner was deprived of his day in court by accident and mistake, the merits of the controversy between the parties is a matter for consideration only so far as that the court become satisfied that the petitioner, in good faith, seeks to contest the claim of the petitionee.

A decision of the county court upon such petition having been made upon legal grounds, and not as a matter of discretion, may be revised by the supreme court.

THIS was a petition brought to set aside the judgment of a justice of the peace, in which petition it is alleged, among other things, that the petitioners were unjustly deprived of their day in court by accident and mistake. The petitioners introduced a certified copy of the record of the judgment, *King* v. *Town of Fairfield*, with the officer's return on the original writ. It appeared from said record that King commenced the suit against said town and obtained the judgment by default for $125 damages and $5.89 costs.

Upon the testimony in the case the county court found the following facts, viz. : Albert G. Soule, esq., of Fairfield, was annually and duly elected and held the office of town clerk of said town of Fairfield, in and for the years of 1864, 1865, and 1866. He was town clerk at the time King's writ was served on said town, and ever since that time has continued to hold said office. In 1864, immediately after his election as town clerk, he duly appointed his sister, Augusta Soule, as his assistant clerk, and a record of her appointment was immediately made in the town clerk's office, and she has held the office of assistant clerk of said town, and continued to act as such clerk ever since her appointment in 1864. She had been assistant clerk several years previous to her appointment by Albert G. Soule. The town clerk's office, for more than ten years last past, has been kept, and still is kept, in a building occupied by Augusta Soule, about one-fourth

---

* Heard at the January term, 1868.

of a mile from the dwelling house of Albert G. Soule. Augusta Soule has, ever since she was appointed assistant clerk, had the entire charge of the town clerk's office in said town, and all the official duties of the town clerk during all said time have been discharged by her. At the time said writ was served, Albert G. Soule was not absent from the state. He was in the town of Fairfield, but he was not at the town clerk's office on that day. He occasionally called at the office, but he entrusted the entire business with his assistant clerk, and personally gave little or no attention to the business of the office. At the time the officer served said writ on said town, Augusta Soule was in the town clerk's office acting as assistant clerk. The officer, who served said writ, delivered a copy to her, on which the following return was endorsed, and signed by the officer serving the same, viz.:

" FRANKLIN COUNTY, ss. Fairfield, January 28, 1867.

" " I then served this writ on the within named town of Fairfield, by leaving a true and attested copy of the original writ in the town clerk's office of said town of Fairfield, with this my return hereon endorsed.

" Attest : D. U. SMITH, *Constable.*

" A true copy. Attest : D. U. SMITH, *Constable.*"

Augusta Soule received and examined said copy, and then put it into the drawer where copies of writs had usually been kept. She understood what it was, and that King had sued said town.

After said copy was left with her, and before the day of court, she saw the town clerk, the town agent, and the selectmen frequently, but she did not inform any of them that said copy was in the office, or that King had sued the town, and they had no notice of the pendency of said suit, other than as they were affected with notice of the suit by the service of said writ in the manner above mentioned. Augusta Soule testified she did not know or think it was necessary to give notice to the town officers of said suit. King was highway surveyor at the time his alleged claim accrued. He testified that he expended the money in good faith in making and repairing the road in his district, as surveyor, to the amount of the judgment for damages over and above his tax-bill, and that the same was necessary in making repairs of said road. In July, 1866, King told the selectmen of that town, that

a piece of road in his district was very bad, and he had changed or altered the track in order to get a better place for the road, and let a job to one Flood to make a piece of road, and that he wanted a town order for about $43 to pay Flood for his work on the road.

The selectmen told King they had given no direction to have the road altered, but advised King to let the matter rest and they would examine the road, and if he had done a good job the town would probably pay him. They did not examine the road, and they testified they did not know in what part of his district the money was expended.

Some time in December, 1866, King left his claim in the hands of an attorney for collection, who informed the selectmen of said town that King had left a claim against the town for collection, and of the nature of the claim.

King did not state to the selectmen, at the time he called for the order, how much he had expended on said road, and they did not inquire as to the amount he had expended. The selectmen had no notice that he claimed anything more than the amount for which he requested an order.

The town claimed to have a legal defence to said action, and that they should have appeared and defended the suit if the selectmen, or town agent, had been informed of the suit prior to the judgment.

The petitioners insisted that said writ, *King* v. *Town of Fairfield*, was not legally served.

Upon the foregoing facts in relation to the service of said writ, the county court, WILSON, J., presiding, decided as a matter of law, that said writ *was legally served.*

From the testimony in the case, the county court found as matter of fact, and adjudged, that the petitioners were not unjustly deprived of their day in court by fraud, accident, or mistake, and that the failure of the petitioners to appear and defend said suit resulted from the negligence and default of the petitioners, and their said clerk and his assistant clerk. The county court decided as matter of law, that the negligence of said town clerk and his assistant clerk in this case, was the negligence and default of the

petitioners. And ordered, *pro forma*, said petition to be dismissed with costs to the defendant.

To the decision of the court that said writ was legally served, and that the negligence of the town clerk and his assistant clerk was the negligence and default of the petitioners, the petitioners excepted.

*Edson & Rand*, for the plaintiff.

The writ, *King* v. *Fairfield*, was illegally served. Gen. Sts., 292, § 24; *Charleston* v. *Lunenburgh*, 21 Vt., 488. The statute points out how the writ should be served, which has not been complied with. The officer says in his return he left a copy in the town clerk's office, whereas the statute required him to leave a copy with the town clerk, " and his return is the only evidence of what service was made between the parties." *Hill* v. *Powers*, 16 Vt., 516; *Witherell* v. *Goss & Delano*, 26 Vt., 748. The assistant clerk is in no sense a town officer or agent, but the mere clerk or servant of the town clerk.

*Benton & Wilson* and *M. R. Tyler*, for the defendant.

The statute giving this remedy to a party claiming to have been deprived of his day in court by fraud, accident, or mistake, places the whole matter entirely within the discretion of the county court; and if within their jurisdiction, this court have no power to reverse their decision unless the exceptions show affirmatively error in matter of law. Gen. Sts., ch. 38, § 7; *Finney* v. *Hill*, 11 Vt., 233; *Downs & Davis* v. *Reed*, 32 Vt., 785.

The assistant clerk is invested with all the official functions and powers of the town clerk during his absence, sickness, or temporary disability, and the copy of the writ left with the assistant clerk while she was in charge of the office, in the absence of the town clerk, was a compliance with the statute directing how writs shall be served upon corporations. Gen. Sts., ch. 15, § 42; ib., ch. 33, § 24.

The opinion of the court was delivered by

PIERPOINT, C. J. The principal question involved in this case is whether the writ in the original action of *King* v. *Fairfield*

was legally served, the county court having decided as a matter of law, upon the facts found and stated in the exceptions, that it was.

The writ was served upon the town by leaving a copy thereof with Augusta Soule, the assistant town clerk of said town of Fairfield, who had charge of the town clerk's office and discharged the official duties of the town clerk. At the time the service was so made, the town clerk was not out of the state, but was in the town of Fairfield, where he resided. The said assistant clerk gave no notice to any of the officers of the town of such service, and they had no notice in fact of the pendency of the suit until after the judgment was rendered.

The statute provides " that all writs against a corporation shall be served by leaving a copy with the clerk thereof, unless he be absent from the state." * * * " If such clerk be absent from the state, such copy shall be left with one of the principal officers of such corporation." (Gen. Sts., 292, § 24.) It is also provided " that during the sickness, absence, or other temporary disability of the town clerk, his official duties may be discharged by an assistant clerk, for whose official acts such town clerk shall be responsible as for his own. Such assistant clerk shall be sworn, and all records and copies made and certified by the assistant clerk shall, to all intents and purposes, be as regular and valid as if made and certified by the town clerk." (Gen. Sts., 111, § 42, § 43.)

The provision first referred to prescribes the mode in which service shall be made upon a town or other corporation, and no provision is made in the statute for service in any other manner, except when the clerk is absent from the state. The 24th section has no reference to the duties of the town clerk ; nothing is required of him, and there is nothing in the statute that imposes upon him any duty in respect to the writ or suit, where service is made upon the town by leaving a copy with him. He is simply made the officer to whom notice is to be given, and through him to the town, not by any act of his, but by operation of law. When the copy is left with him, the town has legal notice of the pendency of the suit, and the plaintiff in the suit can proceed to take his judgment by default, if the town does not appear to defend. The

legislature probably contemplated that the town clerk would notify the officer whose business it might be to look after the interests of the town in such matters, but no such duty is imposed upon him by statute. The statute simply prescribes the duty of the officer serving the writ, nothing more.

Under the statute, is the assistant clerk a proper person on whom to make service of a writ against the town, and can legal service be made upon him ? An assistant clerk is not strictly an officer of the town ; he is not appointed by the town, or responsible to the town ; he is appointed by the clerk, and the clerk is responsible to the town for his acts. The statute does not permit service to be made upon him when the town clerk is absent from the state, but it must be made upon one of the principal officers of the corporation. Why then should service be made upon him when the town clerk is within the state and accessible ?

The question was before the court in *Charleston* v. *Lunenburgh*, 21 Vt., 488. In that case the town clerk was out of the state, leaving an assistant. The writ was served upon one of the principal officers of the town, as provided in section 24. It was insisted that the service was illegal ; that the town clerk in the statute included assistant clerk, and that service should have been made upon him. But the court held otherwise, and that the term " *clerk*" did not include the assistant clerk, and that the service was legally made upon the principal officer of the town. We think the decision in that case fully covers the question involved in this, and must be considered decisive of it.

We think the county court erred in holding the service in this case to be legal.

The decision of the county court that the petitioners were not unjustly deprived of their day in court, etc., and that their failure to appear and defend resulted from the negligence of the petitioners, and the negligence of their clerk and assistant, for which they are responsible, was based upon the decision that the service was legal. If the county court had regarded the service illegal, they would undoubtedly have granted the prayer of the petitioners.

The decision below was made upon legal grounds, and not as a matter of discretion, hence it may be reviewed by this court.

The merits of the controversy between the parties is a matter for consideration on a petition of this kind, only so far as that the court be satisfied that the petitioners in good faith seek to contest the claim of the petitionee.

Judgment of the county court reversed, and judgment entered that the judgment of the justice be vacated, and a trial granted to the petitioners, and the case remanded to the county court to be there proceeded with.