## Case No. 10,991.

### PERKINS v. WATERTOWN.

[5 Biss. 320;[1] 5 Chi. Leg. News, 472; 12 Am. Law Reg. (N. S.) 777.]

Circuit Court, W. D. Wisconsin. June, 1873.

WRITS—SERVICE OF PROCESS UPON MUNICIPAL CORPORATION.

1. Since the act of congress of June 1, 1872 [17 Stat. 196], the process of the federal courts must be served in the manner prescribed by the state law, and this court has no power to prescribe or substitute any other mode.
[Cited in Jewett v. Garrett, 47 Fed. 631.]

2. Though by the original charter of the city, under which the bonds in suit were issued, service might be made on the mayor or clerk, the legislature has the power to alter the charter in that respect. It is no part of the contract.

3. Service upon the mayor elect, before acceptance or qualification, is not a service upon the mayor of the city. The fact that there was no mayor or acting mayor upon whom service could be made, does not augment the power of the court.
[Cited in Watertown v. Robinson, 69 Wis. 237, 34 N. W. 142.]

[Action by Henry Perkins against the city of Watertown.] This was a motion on behalf of the city to dismiss five suits pending, brought on bonds of the city, on the ground of insufficiency of service.

Wm. F. Vilas and David S. Ordway, for plaintiff.

Harlow Pease, for defendant.

HOPKINS, District Judge. In one of the above entitled cases, the summons was served by delivering a copy to the mayor elect before he had accepted or qualified.

In the other cases the summons was served on the city clerk and city treasurer, the marshal returning that there was neither mayor nor acting mayor upon whom he could serve the same.

The defendants now move to set aside the service as insufficient, and appear specially for such purpose only.

The charter of the city authorizes suits to be commenced against it by the service of process upon the mayor, and the question now presented is, whether it can be served upon any other officer or party, so as to give this court jurisdiction.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Rule 30 of this court (common law) is as follows: "In suits against corporations the process may be served in the mode prescribed by the laws of the state. But a judge of the court, in peculiar cases, on motion may prescribe any other mode of service he may deem right and proper." This rule was adopted in 1870. Under it authority is given (in peculiar cases) to a judge of the court to prescribe other modes of service, but in all ordinary cases he adopts the mode of service prescribed by the state statutes.

My associate expressed some doubt as to the power of the court to make such a rule originally, but that question not being necessarily before the court, no decision of it was reached. In these cases no order had been made changing the mode of service from that prescribed by the state statute; but it was claimed by the plaintiff that if an order could have been made authorizing service to have been had on the parties in fact served, the court could now ratify such service; and in that view the power of a judge to grant an order changing the statutory mode of service, since the passage of the act of congress of June 1, 1872, becomes material. It is claimed that it abrogates that part of the rule authorizing any other mode of service than is prescribed by the state statutes.

The 5th section of the act above mentioned adopts the "practice, pleading and forms and modes of proceeding," as near as need be of the state courts in common law cases, and abrogates all rules of the circuit or district courts to the contrary. This court, by the rule itself above quoted, adopted the state mode of service, so that it cannot now consistently hold it to be impracticable to conform to that mode, and if it is practicable, by the act above quoted it is exclusive. The state practice or mode is the rule now on the subject, and this court has no more power to authorize any other mode than the state courts have. State laws, when adopted by congress, become obligatory upon the federal courts. There can be no doubt but the service of process is a "mode of proceeding." Similar phraseology in the act of 1792 (1 Stat. 275) was construed in Wayman v. Southard, 10 Wheat. [23 U. S.] 1, 6 Curt. Dec. 319, to include the service of process. The court there say: "It may, then, and ought to be understood as prescribing the conduct of the officer in the execution of process, that being a part of 'the proceedings' in the suit." This would seem to settle the question that the service of process is within the meaning of the act of June 1, 1872, and being so, the mode of service prescribed by the state law must be followed, and the power of this court to prescribe or substitute any other mode is necessarily abrogated.

Foreign creditors are placed by that act on equal terms with domestic creditors, and we do not see any reason why the federal courts should be appealed to, or grant any special advantages in their favor. The corporation is created by the state legislature, its powers and rights emanate from that source, and if there are defects in the organic law, it is for the legislature and not the courts to correct them.

It was argued that by the original charter service of process might be made on the mayor or clerk, and that the legislature could not alter the charter in that respect, after the issue of these bonds. That point we do not think well taken. It was not a part of the contract in any sense, and the legislature could prescribe a different mode without impairing the obligation of the contract.

The service on the mayor elect before acceptance or qualification, was not a service on the mayor of the city. We therefore think the service in each case was insufficient to give this court jurisdiction of the defendant.

It was stated and shown by the papers that there was no mayor or acting mayor upon whom service could be made under the state law; but that does not augment the power of this court, nor confer upon it legislative authority. Courts must administer the law as they find it, not supply defects in legislation when a difficult or hard case presents itself.

Such considerations are to be addressed to the law-making power, not to the courts. But as the service in these several cases is wholly insufficient to give jurisdiction, these motions are unnecessary, and defendant is not entitled to any relief, as it is not injured thereby. The plaintiff may withdraw from the files the summons in each case, and re-deliver them to the marshal for service according to law, if he wishes to do so. And an order to that effect may be entered.

NOTE. Since the act of June 1, 1872, the practice in the United States circuit and district courts must conform, as nearly as possible, to the state practice, and the regularity of proceedings should be decided by the decisions of the state courts. Republic Ins. Co. v. Williams [Case No. 11,707].