[No. 695.]

## JOSEPH GERRENS et al., Respondents, *v.* THE HUHN AND HUNT SILVER MINING CO., Appellant.

Contract—Meaning of Words "More or Less."—Where plaintiffs entered into a contract with defendant to run a certain drift, in a mining claim, a distance of one hundred and eighty feet *more or less: Held,* that the contract was completed when they had run the drift one hundred and eighty feet.

Complaint—When Insufficient in an Action upon a Contract.—An allegation that plaintiffs in pursuance of their agreement (to run one hundred and eighty feet), "did run said drift three hundred and eighty-four and

one-half feet," without any averment connecting the extension of the drift beyond one hundred and eighty feet with the original contract declared upon, or that defendant ever promised to pay any sum whatever for the additional work, and where from the complaint it appeared they had been paid in full for the distance mentioned in the contract: *Held,* that the complaint did not state facts sufficient to constitute a cause of action.

APPEAL from the District Court of the Seventh Judicial District, Lincoln County.

The facts are stated in the opinion.

*Ellis & King,* for Appellant.

I. This action is brought upon a written express contract, by which the parties thereto, plaintiffs and defendant, agreed respectively to run a tunnel one hundred and eighty feet and to pay therefor at the rate of ten dollars per foot. We claim and concede that one hundred and eighty feet is the *maximum* distance to be run under this contract in writing. (2 Bar. and Adolph. 36.) The complaint shows that more than eighteen hundred dollars has been paid in pursuance of this contract to the plaintiffs, and that therefore plaintiffs have no cause of action. If plaintiffs extended the tunnel a greater distance than one hundred and eighty feet, then it was not under any contract in writing with the defendant. It was not upon any contract declared on in this case, and it was error to overrule the demurrer of the defendant.

II. The plaintiff should have declared, if he has any cause of action against the defendant upon an implied contract, upon a *quantum meruit.* But in this he has utterly failed; none of the allegations upon such contract and cause of action are contained in this complaint; there is no allegation that such labor was performed at the request of defendant either express or implied; there is no allegation that the running of said tunnel and drift was reasonably worth ten dollars per foot, or any sum of money whatever; there is no written contract which fixes the price or value of this labor. Agreeing, therefore, with respondent's counsel, that the extreme distance to be run on the contract declared on was

one hundred and eighty feet, under the authorities we utterly deny that in this action he can recover for two hundred feet further under the same contract at the same rate, or that he can recover at all without the foregoing allegations to which we have directed attention.

*J. C. Foster,* for Respondents.

I. When the one hundred and eighty feet was run the contract was completed. The words one hundred and eighty feet control the distance; when viewed in reference to the words one hundred and forty, it is the extreme distance. (20 Pick. 62; 24 Mo. 574.)

We think the contract was completed when one hundred and eighty feet was run; and every foot run after that was under an implied contract of which the original contract may be said to form a basis as to price, size of drift, etc.

II. Taken as a whole, the answer depends on the contract; and when the court construed that contract and determined that it constituted no defense, the whole fabric fell, and without an amended answer there was no issue before the court, and plaintiffs were entitled to judgment. The object of a pleading is to require certainty. (9 Nev. 86; *Wheeler* v. *Floral Mill,* 9 Nev. 254; *Skinker* v. *Clute,* 9 Nev. 342.)

By the Court, EARLL, J.:

In this appeal, it is only necessary to consider the question raised by the first specification in the demurrer to the complaint, to wit, does the complaint state facts sufficient to constitute a cause of action? The plaintiffs allege: "That heretofore, to wit, on the first day of December, A. D. 1873, the said plaintiffs, as the parties of one part, and the said defendant as the party of the other part, at, etc., made and entered into a mutual written agreement, by the terms of which the said plaintiffs agreed to run a certain drift in and upon the mining ground of said defendant, situate, etc., for the distance of one hundred and eighty feet in length, more or less, for and in consideration of the promise and

agreement in said written agreement expressed, of said defendant to pay said plaintiffs the sum of ten dollars in gold coin per foot therefor in length; that said plaintiffs, in pursuance of said agreement, did run said drift the distance in length of three hundred and eighty-four and one-half feet; that the defendant has paid to said plaintiffs the sum of three thousand three hundred and eighty-five dollars gold coin, in pursuance of said agreement, for work so done and performed by them; but fails and refuses to pay the balance of four hundred and sixty dollars gold coin, now due and payable from said defendant to said plaintiffs, in accordance with the terms of said agreement."

It is admitted by the counsel for both parties, that the contract was completed on the part of the respondents when they had constructed the drift one hundred and eighty feet; and, it is also admitted by the complaint that the defendant had paid them, in pursuance of said agreement, three thousand three hundred and eighty-five dollars, gold coin, thus showing, not only that there is nothing due from defendant to respondents upon the contract, but that they have been overpaid thereon the sum of one thousand five hundred and eighty-five dollars. It is true, respondents allege, that "in pursuance of said agreement they did run said drift three hundred and eighty-four and one-half feet," but the contract required respondents to run the drift one hundred and eighty feet only, and the complaint contains no averment showing that the extension thereof was at the instance of defendant, or that defendant ever promised to pay respondents ten dollars or any other sum per foot therefor. Indeed, the complaint contains no averment connecting, in any manner, the extension of the drift beyond one hundred and eighty feet, with the contract declared upon, or any other contract; and, for aught that appears, it was voluntary on the part of respondents. It is quite probable, however, that the extension of the drift beyond the one hundred and eighty feet specified in the contract, was done pursuant to some agreement between the parties, either connected with the original contract, or by an agreement independent

thereof. If it was provided for by an alteration of the original contract, the facts constituting the change and connecting it therewith should have been stated in the complaint. But if it was done pursuant to an independent agreement, then the action should have been brought thereon, or upon a *quantum meruit.* We are of opinion that the complaint does not state facts sufficient to constitute a cause of action against the defendant.

The judgment is therefore reversed, and the cause remanded for further proceedings, with leave to the plaintiffs to amend their complaint.