THE CITY OF WATERTOWN, imp., Plaintiff in error, vs. ROBINSON, Defendant in error.

*September 1 — September 20, 1887.*

*Municipal corporations, service of process upon: City of Watertown.*

> Under the charter of the city of Watertown (ch. 233, Laws of 1865), the mayor is the only officer upon whom service of process against the city can legally be made; and when there is a vacancy in that office, and there is no president or presiding officer of the common council, a service of process upon the chairman of the board of street commissioners and upon the city clerk will not confer jurisdiction of the city, so as to support a judgment by default against it.

ERROR to the Circuit Court for *Jefferson* County.

The case is sufficiently stated in the opinion.

For the plaintiff in error there were briefs by *Gregory, Bird & Gregory* and *C. H. Gardner*, attorneys, and *Daniel*

*Hall*, of counsel, and oral argument by *Mr. Hall*. They argued that the court acquired no jurisdiction of the city for want of service of the summons upon the mayor. The facts that there was no mayor, or other officer filling his place, and that the chairman of the board of street commissioners exercised some of the functions of the mayor, did not make service on him sufficient. To these points they cited cases commented upon by the court and numerous others.

*Harlow Pease*, for the defendant in error, contended that, under the city charter and its amendments, the board of street commissioners cannot co-exist with the common council, but, when that ceases to exist, takes its place and exercises its functions, and the mayor when present presides. If he is absent, the chairman takes his place as acting mayor, and has all his powers, and service upon him when that body is in session is service on the *de facto* mayor. If the city cannot be sued under such circumstances, it cannot sue nor be plaintiff in error. The change made in the city organization by amendments to its charter could not affect its obligations or liabilities. · *Broughton v. Pensacola*, 93 U. S. 266; *Mt. Pleasant v. Beckwith*, 100 U. S. 514; *Mobile v. Watson*, 116 U. S. 289; *O'Connor v. Memphis*, 6 Lea, 730; *Colchester v. Seaber*, 3 Burr. 1866. The legislature has no power to deprive citizens of their legal remedies against a municipal corporation, by creating one without liability for wrongs, or depriving one already existing of the power of being sued. Const. of Wis. art. I, sec. 9.

ORTON, J. The defendant in error was injured by the falling of a derrick used in the building of a bridge within the city of *Watertown*, by the negligence of its officers, agents, or employees. The action is brought against the said city, together with the several members of the board of street commissioners thereof, and service was had upon all

but one of said commissioners. The only pretended service upon the city, as a municipal corporation, was by delivering a copy of the summons and complaint to, and leaving the same with, one Ulrich Habhegger, chairman of said board of street commissioners, while said board was in session, and while said Habhegger was presiding as chairman thereof, at a regular meeting of said board, and to and with Henry Bieber, the clerk of said city. At the time of such pretended service there was no mayor of said city, and there was a vacancy in said office, and there was no president or presiding officer of the common council of said city. The street commissioners answered, and upon the trial there was a verdict and judgment in their favor, but the city of *Watertown* did not appear or answer, but made default, and on the trial there was a verdict and judgment against said city. The city of *Watertown* has brought said judgment into this court by writ of error, and upon the record asks that it be reversed, because the circuit court acquired no jurisdiction of said city.

The sufficiency of said service upon the city is the only question in this case. It is urged by the learned counsel of the plaintiff in error that this court, in *Watertown v. Robinson*, 59 Wis. 513, on motion for rehearing, with offer of proof that in that case the office of mayor was vacant, decided that, such proof being admitted, and the return being so amended, the service was yet insufficient. There was no opinion on that motion, but it was probably and more properly held that such an amendment of the return could not be made in this court. In *Heymann v. Cunningham*, 51 Wis. 506, where the service was made when there was no mayor, great doubts are expressed "upon the sufficiency of the service to give the court jurisdiction of the defendant city," but the decision of that question was not deemed necessary to the determination of the rights of the appellant in that proceeding, and it was not therefore passed upon. In *Worts*

*v. Watertown*, 16 Fed. Rep. 534, the service was made as here, and the office of mayor was vacant.   It was first held by Judge BUNN and Mr. Justice HARLAN that such service was sufficient; but it seems that this decision was afterwards overruled, and the judgment was set aside, by the same learned judges, and the service held insufficient, upon a full argument of the question.   It was held in *Watertown v. Robinson, supra,* that delivering to, and leaving with, the chairman of the street commissioners a copy of the summons in the absence of the mayor, and the sheriff's inability to find him, was insufficient.   In that case it was said in the opinion that "the principle is too elementary to need discussion that a court can only acquire jurisdiction of a party, when there is no appearance, by the service of process *in the manner prescribed by law.*"

Another principle is equally clear, and that is, that when the statute prescribes a particular mode of service that mode must be followed.   *Ita lex scripta est.*   There is no chance to speculate whether some other mode will not answer as well.   *Helms v. Chadbourne,* 45 Wis. 60.   This has been too often held by this court to require further citations, but the strong language of Chief Justice RYAN, in *Foster v. Hammond,* 37 Wis. 187, is worthy of special reference.   See, also, other authorities cited in the very able brief of the counsel for the plaintiff in error.   And here it is sufficient to say that every possible reason against the strict application of the statute prescribing the mode of service, in a case like this, including the constitutional objection, is satisfactorily urged and conclusively enforced in the brief of counsel for plaintiff in error, to which reference may be had.   In many cases the officer or agent of a corporation upon whom service of a summons is required to be made, may not for a time be in existence, and there may be a vacancy in such office.   This is only a temporary inconvenience that must necessarily be suffered until there is such

an officer. There is the office of mayor, and it is possible to have a mayor in the city of *Watertown.* So that is no defect in the law in not providing a mode of service in such cases, and in all similar cases there may be for the time a vacancy, and thereby service rendered impossible; but this is no defect in the law, nor would it justify courts in substituting another mode of service, which the law has not done. This would be judicial legislation of the most flagrant kind. The mode of service upon cities generally is prescribed by subd. 3 of sec. 2637, R. S., which is by delivering a copy of the summons, etc., "to the mayor and city clerk." The more restrictive mode provided in the charter of the city of *Watertown* (sec. 8, subch. 9, ch. 233, Laws of 1865), is by leaving a copy of process with the mayor. In either case, the delivering of a copy of the process to the mayor, and leaving it with him, are required in all cases, unless waived, to give the court jurisdiction of a city as a party defendant.

The only question is, what does the statute mean when it designates a particular officer, such as the mayor, by name, upon whom such representative service may be made? The reason of the law unquestionably is to designate some officer of the city, of such powers, grade, and dignity, as would imply a supervision and management of the interests and affairs of the city, and who would most properly and likely take care of, and protect the interests of, the city as a defendant in court. The legislature in its wisdom has seen fit to designate the *mayor, eo nomine,* as such officer. When such an officer *de jure,* and in the most comprehensive sense, does not exist, and the office as such is vacant for the time, has the law provided, in terms or spirit, that some other officer or person who for the time of such vacancy exercises the general powers, and performs the general duties of such an officer, is the proper person upon whom such service can be made? Most certainly, the law *in terms* has

not so provided. The reason and spirit of the law might perhaps embrace another officer by name, or another person, who is clothed fully and completely with all the powers, and is required to perform all the duties of the mayor during such vacancy, and is for the time the mayor *de facto*, or *acting* mayor, and may be properly and lawfully called *the mayor*. But we have no such case here. Sec. 3 of subch. 2 of the charter provides for the election by the council, of a president who shall preside, etc., and "execute all the powers and discharge all the duties *of mayor*," "in the absence of the mayor" or "his inability from any cause to discharge the duties of his office." " While presiding over the council, or performing the duties of mayor," (he) "shall be *styled acting mayor*."

Whether service of process could be properly made upon such an officer, during the vacancy of the mayor's office, is not the question here, and we will not attempt to decide it. There is no board of aldermen and no president of the common council. The person or officer upon whom this pretended service was made is the "chairman of the board of street commissioners," and sec. 2, ch. 46, Laws of 1879, prescribes the duties of such an officer in connection with said board, as follows: "The board of street commissioners of said city, and the chairman of said board, shall have concurrent power with the mayor and common council of said city in the appointment of inspectors and clerks of election, and shall have all other powers conferred by law upon said mayor *and common council, subject to the control of said common council*, except the power of levying taxes, which they shall not have in any case whatever." This provision confers upon the chairman alone none of the duties and powers of the mayor. In sec. 1, ch. 204, P. & L. Laws of 1871, are found the only other powers of the chairman. They are: "In case of vacancy in the office of mayor, and there is no president of the common council to act, said orders may be signed

by the chairman of said board," etc. "The mayor may preside at the meetings of said board, and they may elect a chairman, who shall preside in his absence." We can find nowhere that the chairman, as an officer, possesses any other powers or discharges any other duties of the mayor. His powers, even in connection with the board of street commissioners, are special and strictly defined and limited, and "subject to the control of the common council," which consists of the mayor and aldermen. This officer falls far short of having the powers, duties, or designation of the mayor, and he is neither within the terms or spirit of the law requiring such service to be made upon the mayor.

Other statutes may be referred to which designate the officer called the mayor of a city. When ch. 44, R. S., provides what particular officers shall prosecute for damages, penalties, and forfeitures, and breaches of official bonds, and names the "mayor, in case of a city," as such officer, it clearly means that officer *eo nomine*, and no other. In sec. 4000, R. S., the certificate, in writing, of the approbation of the sale of lands belonging to wards, is required to be made by the supervisors of the town, "the mayor of the city," or president of the village, in which the ward is an inhabitant. Is not this high and responsible trust conferred on these officers alone, and no others? And so we might refer to many general statutes which confer special powers on certain designated officers. It would not do to substitute other officers or persons to exercise such special powers, by judicial construction, when the statutes have not done so. The case of *Fairfield v. King*, 41 Vt. 611, seems to be closely in point, and supported by irrefragable reasoning and authority. The other cases cited by the learned counsel of the plaintiff in error bear strongly to support the principle that, when the statute designates a particular officer to whom the process may be delivered, and with whom it may be left, as service upon the corporation, no

The City of Watertown, imp., vs. Robinson.

other officer or person can be substituted in his place. *Charleston v. Lunenburgh*, 21 Vt. 488; *Morrill v. T. M. & M. M. Co.* 10 Nev. 137; *Chambers v. Bridge Manuf. Co.* 16 Kan. 270; *Sacramento v. Fowle*, 21 Wall. 119; *Alexandria v. Fairfax*, 95 U. S. 774; *Comm'rs of Auburn v. Burtis*, 103 N. Y. 136; *Bennet v. U. S.* 2 Wash. T. 179. The designation of one particular officer upon whom service may be made excludes all others. *Conroe v. Bull*, 7 Wis. 408; *State ex rel. Crawford v. Hastings*, 10 Wis. 525; *North v. C. & M. R. Co.* 10 Ohio St. 548; *Weil v. Greene Co.* 69 Mo. 281; *Dewey v. Cent. Car Co.* 42 Mich. 399. The temporary inconvenience arising from a vacancy in the office of mayor affords no good reason for a substitution of some other officer in his place, upon whom service could be made, by unwarrantable construction not contemplated by the statute. *Van Rensselaer v. Palmatier*, 2 How. Pr. 24, and *Van Rensselaer v. Petrie*, 2 How. Pr. 94; *Rees v. Watertown*, 19 Wall. 107; *Perkins v. Watertown*, 5 Biss. 320; *L. V. Ins. Co. v. Fuller*, 81 Pa. St. 398.

We have been aided very much in the examination and decision of this question by the very able brief of the counsel of the plaintiff in error, as also by the brief and argument of the learned counsel of the defendant in error, presenting every possible reason and authority against what we cannot deem otherwise than the true principles to be applied to the construction of the statute authorizing service upon a city. We think the statute is plain, and its construction clear and certain, that service upon the city of *Watertown* in this case was not made by delivering a copy of the summons and complaint to the chairman of the board of street commissioners, and leaving the same with him. The circuit court acquired no jurisdiction over the city of *Watertown* to render judgment against said city in this case.

*By the Court.*— The judgment of the circuit court is reversed.