KERNAN, Administratrix, Appellant, vs. NORTHERN PACIFIC RAILROAD COMPANY, imp., Respondent.

*May 17 — June 2, 1899.*

*Jurisdiction: Service of summons: Proof of service.*

1. Proof of service of summons, when made by any person other than the sheriff, must be made by affidavit of the person making such service, showing, among other things, that affiant knew the person served to be "the defendant mentioned in the summons." An affidavit of service which only contains the statement that affiant knew the person with whom he left the copy of the summons sustained the relation of general manager to the defendant corporation is insufficient, such statement not being a statement that he knew the corporation upon whom service was attempted to be had was "the defendant mentioned in the summons."

2. Jurisdiction of a party, when there is no appearance, can only be acquired by the service of process in the manner prescribed by law, and when a statute intervenes and displaces the common-law manner of service, courts are bound to take the *words* of the statute as law.

3. When a peculiar method of serving process is pointed out by statute that method must be followed, and where the proof of service fails to show a compliance with the statutory method, the service should be set aside.

Kernan vs. Northern Pacific R. Co.

APPEAL from an order of the circuit court for Racine county: FRANK M. FISH, Circuit Judge. *Affirmed.*

The defendant was a railroad company whose general office was without the state, and none of whose officers resided within the state. It had formerly operated a line of roads in this state, but had gone into the hands of a receiver in August, 1893. No part of its line was within Racine county. This action is entitled in the circuit court for Racine county, and an attempt to make service of the summons and complaint was made February 3, 1896, by the plaintiff's attorney. His affidavit of service shows that at the county of Columbia, in this state, he delivered to and left with one J. W. Kendrick, the general manager of defendant, true and correct copies of the summons and complaint, and then says, "Affiant further states that said J. W. Kendrick is personally known to him to be such general manager of said *Northern Pacific Railroad Company,* and was such on the day of such service." The defendant did not appear, and on May 4, 1896, a judgment for plaintiff was duly entered. On December 27, 1897, the defendant entered a special appearance, and a motion to set aside the service of the summons and complaint and judgment on the ground that no service had been made upon the defendant. This motion was granted, and the plaintiff appeals.

For the appellant there was a brief by *Ingalls & Ingalls,* and oral argument by *Wallace Ingalls.*

For the respondent there was a brief by *Miller, Noyes, Miller & Wahl,* and oral argument by *Geo. H. Wahl.*

BARDEEN, J.   The order appealed from must be affirmed, because:

1. The affidavit of service is clearly insufficient. Sec. 2642, S. & B. Ann. Stats., provides that, if the service of a summons is made by any person other than the sheriff, proof of such service shall be made by affidavit of the person making

such service, showing place, time, and manner of service, "and that he knew the person served to be the defendant mentioned in the summons." The affidavit referred to fails to meet these requirements. The statement therein that the affiant knew that the person with whom he left a copy of the summons and complaint sustained a certain relation to the defendant is not a statement of the fact that he knew the corporation upon whom service was attempted to be had was "the defendant mentioned in the summons." That this requirement is deemed material is demonstrated by reference to the following cases: *Sayles v. Davis*, 20 Wis. 302; *Grantier v. Rosecrance*, 27 Wis. 488; *German Mut. F. F. Ins. Co. v. Decker*, 74 Wis. 556.

2. The principle is too elementary to need discussion that a court can only acquire jurisdiction of a party, when there is no appearance, by the service of process in the manner prescribed by law. *Watertown v. Robinson*, 59 Wis. 513. So, when a statute intervenes and displaces the common-law manner of service, we are brought to a question of words, and are bound to take the words of the statute as law. The cases are numerous which decide that, when a particular method of serving process is pointed out by statute, that method must be followed, and the rule is especially exacting in reference to corporations. *Amy v. Watertown*, 130 U. S. 301; *Watertown v. Robinson*, 69 Wis. 230. Subd. 6, 7, sec. 2637, S. & B. Ann. Stats., prescribe the manner in which service of process can be had on railroad corporations. Subd. 6 refers to railroad corporations whose general office is within this state. It is argued by plaintiff that, inasmuch as the defendant was incorporated under an act of Congress, it was to all intents and purposes a domestic corporation, and that service upon the corporation could be had in the manner pointed out by that subdivision. The difficulty with that contention is this: it permits service of the summons to be made upon the general manager only where the de-

fendant is a railroad corporation whose general office is within the state, and where the general manager shall reside and be within the county within which such action is brought. None of these conditions was found to exist. On the contrary, it appears that the defendant did not have its general office in this state, and that Mr. Kendrick did not reside in, nor was he within, Racine county, in which county the action was brought, when the attempt to make service was made. The affidavit failing to show a compliance with the statutes referred to, the order of the circuit court was properly made.

*By the Court.*— The order of the circuit court is affirmed.