## El Pueblo *v.* Rodríguez.

Apelación procedente de la Corte de Distrito de Guayama.

No. 58.—Resuelto en marzo 11, 1907.

Acusación—Defectos de Forma.—La falta de expresar en la acusación ante qué funcionario fueron juramentados los testigos, cuyas declaraciones sirvieran de base para formularla, no constituye un defecto fundamental, sino meramente de forma.

Id.—Las objeciones que se presenten por defectos de forma deben formularse ante la corte inferior, no pudiendo alegarse por primera vez en el tribunal de apelación.

Conocimiento Judicial—Subsecretario ó Secretario Auxiliares de las Cortes de Distrito.—Los subsecretarios ó secretarios auxiliares de las cortes de distrito no son los funcionarios de cuyo nombramiento y firma oficial puedan tomar conocimiento judicial las cortes de Puerto Rico.

Acusación—Juramento—Error que no Perjudique los Derechos de las Partes.—Una acusación jurada ante un secretario accidental (*acting secretary*) no está debidamente jurada, por no tener este funcionario facultades

para tomar juramentos ó declaraciones juradas, pero si tal defecto no se alegare en la corte inferior, no puede ser motivo de revocación, por no ser error que tendiera á perjudicar los derechos del acusado.

Id.—Violación—Suficiencia de la Acusación.—Cuando en la acusación se expresa que la violación tuvo lugar mediante fuerza y violencia y contra la voluntad y consentimiento de la mujer, esto es equivalente á expresar que ella opuso resistencia y que ésta fué vencida por la violencia, ó que se la impidió de resistir por amenazas de grave é inmediato daño corporal, acompañadas de aparente aptitud para realizarlas; en este concepto la acusación ha de estimarse suficiente, especialmente si no se hubiere objetado á ella oportunamente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Texidor.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

El Juez Asociado Sr. MacLeary emitió la opinión del tribunal.

El apelante en el presente caso fué declarado culpable del delito de violación y condenado á ocho años de presidio, con trabajos forzados, y al pago de las costas. Interpuso apelación para ante esta Corte Suprema contra la sentencia dictada por la corte sentenciadora elevando los autos á este tribunal en 27 de diciembre 1906. No hay en los autos (*record*) pliego de excepciones, exposición de hechos ni exposición del caso. Solamente se encuentra en ellos, la acusación, las minutas de la corte en las que se vé la lectura de la acusación (*arraignment*), la sentencia dictada y el escrito de apelación, según prescribe el artículo 356 del Código de Enjuiciamiento Criminal. El apelante estuvo representado por abogado ante este tribunal, que presentó un alegato en favor de su representado, en el que discutía los únicos puntos á los cuales podía hacer referencia en vista del corto récord presentado.

Tres son los fundamentos á los cuales llama la atención el abogado del apelante y por los que solicita la revocación de la sentencia, á saber:

1. Que la acusación ha debido expresar, y no lo ha hecho, si los testigos fueron examinados por el fiscal ó por otro funcionario: ó en otras palabras, de los autos debe aparecer que los testigos, en cuyas deposiciones se basaba la acusación,

fueron examinados por otro funcionario autorizado por la ley para tomar juramentos.

2. Que el juramento prestado por el fiscal, según los autos parece haber sido prestado ante el secretario interino de la corte, y no ante el mismo secretario, según las prescripciones legales.

3. Que la acusación es insuficiente para imputar al acusado el delito de violación, puesto que en ella no se alega que la mujer perjudicada opusiera resistencia y que dicha resistencia fuere vencida por el empleo de fuerza ó violencia por parte del acusado; ni alega la acusación que la perjudicada estuvo impedida de hacer resistencia, ni que se le hubiera amenazado con grave daño corporal y que la persona que le amenazaba se encontraba aparentemente en aptitud para ejecutarlo. Que la acusación no puede estar comprendida dentro de ninguno de otros números del artículo 255 del Código Penal.

Podemos resolver el primer fundamento en que se apoya el apelante, citando parte de una opinión de esta corte, dictada el año pasado, en una causa criminal. El Juez Sr. Wolf dice en aquella opinión:

"Con respecto á la primera alegación, á saber, que la acusación no expresa ante quien fueron juramentados los testigos, no se puede considerar la objeción, sino como un defecto de forma y no como un error fundamental."

*Pueblo de Puerto Rico* v. *Alomar,* resuelto 15 marzo de 1906.

En el presente caso los autos no muestran que se alegara esta cuestión en la corte inferior. Al apoyarse en un defecto formal, esto es necesario y la objeción se ha presentado muy tarde, siendo la primera vez que se suscita en esta corte en apelación.

Con respecto al segundo fundamento, á que se refiere el abogado del apelante, y por el cual solicita la revocación de la sentencia, el fiscal de este tribunal hace con mucha propie-

dad las siguientes observaciones: "Más importante nos parece la alegación de que la acusación no se juró ante un funcionario capacitado. por la ley para recibir juramentos. La acusación se juró ante William Oppenheimer, secretario *accidental* del tribunal de distrito de Guayama en 16 de marzo de 1906."

Pasa después el fiscal á informar á esta corte con respecto á que el secretario *accidental* era indudablemente el delegado nombrado por el secretario de la corte de distrito, con arreglo á la ley. Todo su argumento se refiere á este punto, tratanto de probar que un delegado (*deputy*) tiene las mismas facultades para recibir juramentos que las asignadas al principal; citando á ese efecto varios casos en apoyo de su proposición. Pero en ninguna parte del récord aparece de una manera afirmativa que Oppenheimer es ó fuera un secretario auxiliar ó subsecretario de la corte de distrito.

No podemos considerarle como tal, pues él no es un funcionario cuya toma de posesión y sello oficial están facultadas las cortes de Puerto Rico á tomar en consideración, con arreglo al párrafo 5 del artículo 36 de la Ley de Evidencia. (Leyes de Sesión de 1905, p. 76.)

Debemos entonces investigar en cuanto á las atribuciones de *secretarios accidentales,* como tales, especialmente con respecto á la toma de juramentos en documentos que han de usarse en el juicio en *causas criminales.*

Las prescripciones estatutorias que se encuentran en las leyes de Puerto Rico, con respecto á toma de juramentos y declaraciones juradas, son las siguientes:

"Todos los juramentos, declaraciones juradas ó afirmaciones, necesarias ó convenientes ó exigidas por la ley, pueden administrarse dentro de Puerto Rico y un certificado de dicho acto puede darse por cualquier juez de la Corte Suprema, ó cualquier juez de una corte de distrito, ó secretario de dichas cortes, ó juez de paz, juez municipal, notario público, ó cualquier comisionado de los Estados Unidos para el Distrito de Puerto Rico." (Véase la sección 2 de la Ley de 8 de marzo, 1904, Leyes de 1904, p. 151.)

"Toda corte tiene poder * * * (párrafo 7.) ' Para recibir juramentos en acciones ó procedimientos pendientes ante ella, y en los demás casos en que lo requiera el ejercicio de sus poderes y deberes." (Véase la sección 7 del Código de Enjuiciamiento Civil, Leyes de 1904, p. 191.)

"Todo funcionario judicial tiene facultad * * * para recibir juramentos á las personas comprendidas en algún procedimiento que estuviere pendiente ante él, y en los demás casos en que sea necesario en el ejercicio de sus facultades y deberes." (Véase la sección 28, párrafo 4 del Código de Enjuiciamiento Civil, Leyes de 1904, p. 196.)

La ley enmendatoria en el primer párrafo arriba citado añade las palabras, "ó por cualquier comisionado de los Estados Unidos para el distrito de Puerto Rico," á la ley anterior, siendo este el único cambio que se ha hecho á aquélla.

Hay también un estatuto referente á las facultades de los jueces de paz, y sus empleados, para tomar declaraciones juradas; el que en nada se refiere al caso que consideramos.

En cuanto á la cuestión de las funciones de un *secretario accidental* de una corte de distrito, podemos consultar provechosamente las siguientes decisiones de cortes Americanas:

"Albacea *accidental* significa una persona que asume un cargo como albacea de una persona que ha muerto, sin ser el albacea legalmente nombrado ó de hecho sea tál albacea. *Morse* v. *Allen's Estate,* 58 N. W., 327, 328, 99 Mich., 303. (*Véase Words and Phrases Judicially Defined.* vol. 1, p. 127.)

" 'Empleado' (*clerk*), según se usa la palabra en *Revised Statutes,* 181, párrafo 14, prescribe que, cuando está sirviendo autos á corporaciones, la copia se le dejará al *clerk,* á menos que se encuentre ausente del estado, no puede interpretarse en el caso de empleados de pueblo como que incluye también al empleado ayudante, que cada empleado de pueblo tiene derecho á nombrar. El empleado ayudante no es en manera alguna un funcionario del pueblo, no está nombrado por el pueblo, sino por el empleado del pueblo, pudiendo éste quitarlo cuando le conviniere, siendo el empleado del pueblo responsable de todos sus actos. El es, en verdad, un mero empleado ó ayudante del otro. *Town of Charleston* v. *Town of Lunenburgh,* 21 Vt. 488, 490." (Véase *Words and Phrases Judicially Defined* vol. 2, p. 1225.)

"Las palabras 'empleado' (*clerk*) y 'secretario,' con referencia á

empleados subalternos, son sinónimas, según el uso popular, y frecuentemente son usadas indistintamente. 'Secretario' es definido 'una persona empleada para escribir órdenes, cartas, despachos, documentos públicos ó privados, autos, y demás cosas parecidas; un escribiente oficial ó amanuense.' La palabra *clerk* es definida como ''una persona empleada para guardar expedientes (*records*) y cuentas, un empleado, escribiente ó contador; como el empleado de la corte.'' *State v. Currie,* 3 N. D., 310, 315, 35 N. W., 858.'' (Véase *Words and Phrases Judicially Defined,* vol. 2 p. 1227.)

''El objeto de un auxiliar y sus funciones son los de desempeñar las obligaciones de su principal. El autorizar documentos que han de ser archivados en su condado es uno de los deberes del ''secretario de la corte de condado,'' y su auxiliar estaba autorizado para desempeñarlo.'' (*Rose v. Newman,* 26 *Texas Reports,* 135.)

Se ha resuelto por la corte de reclamaciones que la palabra *accidental,* usada por una persona que se titula arquitecto supervisor *accidental,* no quiere decir que dicha persona haya sido nombrada para el cargo, sino que simplemente es un *locum tenens,* que atiende al cumplimiento de los deberes de una oficina para la cual no tiene derecho alguno. (*Fraser v. United States,* 16 Ct. Cl. 107; citado en 1 *Words and Phrases Judicially Defined,* p. 128.)

Obligados á considerar á William Oppenheimer como á un mero *secretario accidental,* según se ve de los autos, que han sido debidamente certificados por ''Francisco Morales,'' y autorizados por el sello de dicha corte, y tomando en consideración las decisiones de las cortes, á las cuales nos hemos referido, así como los principios generales de ley aplicables al caso, somos de opinión que, con arreglo á los artículos de los estatutos de Puerto Rico, que confieren facultad á ciertos funcionarios para tomar juramentos y declaraciones juradas, la acusación que ha sido la base de este proceso, no fué debidamente juramentada por el funcionario que propiamente estaba autorizado.

Pero no se tomó excepción en la corte inferior con respecto á este error, no habiendo sido llamada la atención de la corte sentenciadora á ningún defecto que pudiera tener la declara-

ción jurada ó el certificado. No consideramos esta informalidad en la declaración jurada como un error fundamental. Es uno de los casos en que el estatuto de 30 de marzo de 1904 tiene aplicación. (Leyes de la sesión de 1904, p. 10.) Con arreglo á este estatuto, esta corte no puede revocar una sentencia condenatoria por la razón de haberse omitido algunas de las prescripciones legales, á no ser que hubiera motivos para creer que tal error perjudicaría los derechos de cualquiera de las partes, y que debidamente se tomó excepción en la corte sentenciadora. Tal error como el cometido al prestar la declaración jurada, con respecto á los hechos de la acusación, ante el secretario accidental, en vez de el propio secretario, ó su delegado, y en la certificación firmada por tal persona, no siendo un error fundamental, ni habiendo tenido el objeto de perjudicar los derechos del apelante, ni habiéndose tampoco tomado excepción en la corte inferior, no puede justificarnos en que se revoque la sentencia condenatoria dictada en el presente caso, por lo tanto, debemos hacer caso omiso de él. (*Pueblo de Puerto Rico* v. *Antonio Rivera et al.* resuelto en 21 de noviembre de 1905. *Pueblo de Puerto Rico* v. *Arturo Aponte et al.,* resuelto en 11 de noviembre de 1905.)

En el tercer fundamento que alega el apelante, surge la cuestión referente á la suficiencia de la acusación para que por ella pueda imputarse el delito de violación. La acusación que consideramos es muy parecida á la presentada en el caso de Pacheco, resuelto por la Corte Suprema de California en el año 1886, con arreglo á un estatuto muy semejante al nuestro. La corte resolvió en aquel caso que la acusación era suficiente; y al adoptar ese criterio usa el siguiente lenguaje:

"Somos de opinión que al expresar la acusación que el acto fué cometido, usando fuerza y violencia, y contra la voluntad y consentimiento de la mujer, equivalía substancialmente á expresar que ella opuso resistencia, pero que dicha resistencia fué vencida por la violencia, ó que dicha perjudicada estaba impedida de hacer resistencia con motivo de las amenazas de grande é inminente daño corporal,

acompañadas de la aparente aptitud para realizarlo.'' (*El Pueblo* v. *Pacheco,* 70 Cal. 473.)

De igual modo y por razones perecidas sostenemos que la acusación es suficiente en el presente caso; especialmente en vista de que no se tomó excepción alguna con respecto á la referida acusación en la corte sentenciadora.

Habiendo examinado los tres errores alegados por el abogado y sobre los cuales el apelante se basa para solicitar la revocación de la sentencia dictada contra él por la Corte de Distrito de Guayama en 30 de abril de 1906, y que no aparece en los autos error alguno fundamental, y que cualesquiera objeciones que puedan hacerse á defectos formales que hayan sido cometidos en el juicio no fueron debidamente presentadas en la corte inferior para que esta corte pudiera tomarlos en consideración, nada nos resta que hacer sino confirmar la sentencia condenatoria.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y Wolf.