Battle, J.
 

 The only question presented by the pleadings is, whether the summons served upon one of the directors of the defendant’s branch, at the town of Washington, was a sufficient service of process within the meaning of the 24th. sec. of 26th ch. of the Revised Code. That section declares, that “ the service of summons, if against any insurance company, railroad, banking or other joint stock incorporated company, shall be made by leaving a copy thereof with the president or other head, cashier, treasurer or director of such company.” The act of 1833, (sec. 2, Rev. Statutes, p. 47,) by which the
 
 *289
 
 defendant was reehartered as a banking corporation, provides in the 4th section, “ that for the well-ordering the affairs of the said corporation, there shall be eleven directors, of whom at least seven shall be residents of "Wilmington, or within fifteen miles thereof, elected yearly by the stockholders, at a general meeting, to be held annually at Wilmington, on the first monday in January.” By the 5th section, a president is to be chosen by the directors, or a majority of them, from among themselves, and it is declaimed in the same section that “ the president and directors of the principal Bank, for the time being, shall have power to establish branches or agencies of the said bank at such place, or places, within this State, as they may think proper,” and to commit the management thereof to such persons as they may select, provided that there shall not be less than three directors at each of such branches or agencies. The charter, in several other sections, speaks of the directors ©f the bank, but always means thereby the eleven directors directed by the 4th section to be elected annually by the stockholders. Thus, in the 6th section, where the appointment of officers, clerks and servants at the principal bank and its branches and agencies is given to the “president and directors for the time being” — so, in the 8th section, where the directors, under whose administration it is contract-tecl, may, under certain circumstances, be made responsible for the excess of a greater debt than they shall be allowed by law to incur. Again, where tbe president and directors are by the 9th section compelled to make loans to the State in certain contingencies. It appearing from these, and other parts of the charter, that when the term directors is mentioned, it moans the directors of the corporation, in contradistinction
 
 to
 
 tlie local directors of a branch, or agency, unless otherwise explained, we may well infer that when the directors of tiro bank are mentioned in any other act of Assembly, the general directors of the corporation are intended, unless it is otherwise expressed. Such a construction of the Act in question, is the more readily adopted, because the service of the summons will thm pursue the exigency of the process which runs
 
 *290
 
 against “The president, directors ancl company” of the bank; and this construction will undoubtedly satisfy the words of the act.
 

 "W e understand that the main argument in favor of the sufficiency of the service in the present case, was the convenience of allowing it, because the bank note, upon which the warrant was brought, was payable at the defendant’s branch at Washington. The answer is, that though pajmble there, it was not the debt of the branch,' but of the whole corporation ; besides, the argument proves too much, for if the summons could be served upon a director at Washington, it might have been served on a warrant on the same note on a director at Asheville, where the defendant has another branch. W© have no doubt that the Legislature, in providing for service upon a banking corporation by the term “director,” meant one of those persons who were to be elected annually by the stockholders for “ the well-ordering of the affairs of the corporation,” and not one of those directors who were to be appointed for the management of such branches and agencies, as the president and directors of the principal bank should think proper to establish.
 

 Our conclusion, therefore is, that the warrant in the present cáse, was not properly served upon the defendant.
 

 ' The judgment must be reversed, and then a judgment b© given on the demurrer for the defendant.
 

 PeR OueiaM, Judgment reversed.