JANUARY TERM, 1869.		169

Ala. & Tenn. R. R. Co. v. Burns, McKibbin & Co.

ALABAMA & TENNESSEE R. R. R. CO. *vs.* BURNS, McKIBBIN & CO.

[ASSUMPSIT ON ACCOUNT.]

*Railroad director ; summons and complaint against railroad company, on whom may not be served.*—A director of a railroad company is not such a head or managing agent thereof, as upon whom a summons and complaint may be served.

APPEAL from Circuit Court of Talladega.
Tried before Hon. JOHN HENDERSON.

ASSUMPSIT, on account stated by Burns, McKibbin & Co., against the Alabama & Tennessee Rivers Railroad Company. The sheriff's return of service was as follows : " Received, January 7th, 1867. Executed by serving a copy on Maj. James Isbell, one of the directors of said road, February 25th, 1867. N. A. Plowman, sheriff, by F. M. Shouse, deputy."

On the trial, as shown by the bill of exceptions, " before any appearance was made or entered by the defendant, John T. Heflin, an attorney of the court, as *amicus curiæ*, moved the court to vacate, and quash and set aside the return made by the sheriff, on the summons and complaint, on the ground that said service and return, as it purported to be, could not be made legally, for the reason that the said James Isbell, named in said return, was not at the time of service of the same, the president " or other head officer of said defendant, and was not a secretary, cashier, or managing agent thereof, nor in the employment thereof ; thereupon, the court permitted the plaintiff to show by parol proof that said James Isbell was, at the time of the said service, a member of the board of directors of a private corporation, by the name of the Alabama & Tennessee Rivers Railroad Company ; that said company owned a railroad extending from Selma, Dallas county, Ala., to and through Talladega county, Ala. The defend-

ant objected to each divisible part of the evidence, as the same was offered, the objections so made being severally overruled; to all of which rulings and decisions of the court, severally as made, the defendant excepted. The court then overruled the motion to quash the service and return of the sheriff on the summons and complaint, and the defendant excepted."

The bill of exceptions set out the other pleas and the evidence at length, but in the view of the case taken by the court, it is unnecessary to refer further to them. The plaintiff recovered a judgment against defendant for $628 80.

The appellant assigns, among other things, as error, "the refusal of the court to quash the sheriff's return to the leading process."

J. B. MARTIN, for appellee.—1. The court committed no no error in overruling the motion to quash and set aside the service of the summons and complaint. The Statute, § 2569, Revised Code, provides that the process *may* be executed by delivering "a copy to the president or *other head* thereof," "secretary, cashier, or *managing agent* thereof." James Isbell, the party upon whom this process was served, was, at the time of its service, a member of the board of directors of appellant. The directory of a corporation is the *head* (properly) thereof. They control it in all of its operations, and are its business agents. It is the directory that gives direction and activity to all the operations of the body corporate; all other agencies necessary to the operations of the objects and purposes of the corporation, are subservient and subordinate to the board of directors, and are merely employees for a reward; each member of the board of directors is an integral of the whole, and each one is a managing agent for the business operations of the incorporation, subject to the action of the whole; hence, a service upon a director is good, either as "other head thereof," maintained in the statute, or as managing agent.

JOHN T. HEFLIN, for appellant.—That the court erred in

overruling the motion to quash the sheriff's return; the statute under which the service was held good, is found in the Revised Code, § 2568, which provides that "when the suit is against a corporation, the summons may be executed by delivering a copy of the summons and complaint *to the president or other head thereof, secretary, cashier, or managing agent thereof.*" This provision of the Code does not authorize service on a director of an incorporated company to operate as notice to the company, for the same reason that a director is not "the president, secretary, cashier, or managing agent of the corporation," as it has been judicially ascertained that a director, as such, is not an agent of a corporation.—*Heirs of Holman v. Bank of New York*, 12 Ala. 369.

The sheriff's return should have been quashed, as it does not purport to have been made by delivering the copy to an agent or officer of the Alabama & Tennessee Rivers Railroad Company, but to James Isbell, *one of the directors of said road.* Said road is not a party to the suit, and this return does not purport to have given notice to any officer or agent of the defendant in the suit.

In suits against corporations, the only persons that can be served under § 2568, of the Code, are *the president or other head officer of the corporation, the secretary, cashier, or a managing agent of the corporation ;* and the service should be made on the officers in the order in which they are named in the statute ; first on the president or other head officer of the corporation, if to be found ; if he is not found, then on the secretary or cashier, if to be found ; if neither are found the service may be made on a managing agent. To authorize service on a subordinate officer, the sheriff's return should show that the president or head officer could not be found, and to permit service on a managing agent the return should show that the president, secretary or cashier could not be found.—*Fee v. The Big Sandy Iron Co.*, 13 Ohio State Rep., 563.

The court erred in receiving parol evidence that Isbell was a director of the company.—*Hurst v. Montgomery & West Point R. R. Co.*, 9 Ala. 513.

The court erred in receiving parol evidence of the exist-

ence of the corporation; such evidence not having been admitted by appearance or plea, the same could not be proven by parol. A corporation cannot exist by parol, and can only exist in virtue of statutes and records; hence, its existence can only be shown by documentary evidence.— *Welland Canal Co. v. Hathaway,* 8 Wendell, 480; *Morgan & Patrick v. Smith,* 7 Ala. 187, and authorities cited in the opinion.

B. F. SAFFOLD, J.—It is sufficient to determine the first assignment of error. The others may not arise on another trial of this case.

The summons and complaint were executed on James Isbell, one of the directors of the railroad company. A director of a railroad company is not such a head or managing agent thereof, as is intended by section 2568 of the Revised Code. He can attend to no business of the company himself. There must be enough of the directory present to constitute a quorum, and they must meet at a time and place at which every other director may attend. It is only in such a meeting, that he is an officer of the company. The appellant was not in court, and the return of the sheriff should have been set aside.

The *venue* was properly laid in Talladega county. The defendant had property there and a place of business, and the road ran through the county. This was all it had in any other county, to constitute residence.

The judgment of the circuit court is reversed, and the cause remanded.