WILLIAM C. CHERRY, plaintiff in error, *vs.* THE NORTH AND SOUTH RAILROAD COMPANY, defendant in error.

For service upon a railroad corporation to be effective by reason of service upon an agent, the agent must, at the time of the service, be its agent. An agent of the state, under a receiver who has possession of the road in consequence of a seizure by the governor for non-payment of interest on bonds which the state has indorsed, is not the agent of the corporation.

Corporations. Principal and agent. Service. Railroads. Before MARK H. BLANDFORD, ESQ., judge *pro hac vice.* Harris Superior Court. April Term, 1877.

Report unnecessary.

PORTER INGRAM, for plaintiff in error.

R. N. ELY; W. A. LITTLE, for defendant.

BLECKLEY, Judge.

A certain person was the agent of a railroad corporation at a given station in Harris county, until the governor, by virtue of a provision in its charter, seized all its property for non-payment of interest on its bonds, which the state had indorsed. The seizure took place April 23d, 1874, and

the governor, in terms of the law, appointed a receiver. The receiver retained the same person to act as agent at the same station. Under this arrangement, the agent was required to give, and did give, a bond to the state for the faithful performance of his duties. The corporation ceased to do business from the time of the seizure, and the business was carried on, thenceforth, by the state. On May 11, 1875, declaration and process against the corporation, at the suit of a creditor, whose contract was made, and, on his part, performed in Harris county, before the seizure, were served on the agent. Without other service, the corporation appeared, and made the question that the service was insufficient. The facts, substantially as above, together with other facts touching the merits of the action, were agreed upon and referred to the court, by consent, for decision without a jury. The court, without assigning any reason, held that the action should be dismissed, and ordered accordingly. Under the consent on which the court acted, there was an express saving as to the point of service, so that a reference of the merits at the same time, was no waiver. If, therefore, the service was insufficient, the order dismissing the action was not erroneous. According to the Code, (sections 3369, 3370,) a corporation may be served by service upon its officer or agent, or by leaving a copy at its place of business, or, if none of these modes be practicable, by publication. The method adopted in this case was to serve a former agent, whose agency, according to the most natural and reasonable inference from the agreed facts, must have ceased more than a year before he was served. The corporation was out of possession and out of business, and had nothing for a station agent to do. This agent had ceased to act for the company, and had become the agent of the state. His relation to the company was the same as if he had never been its agent. When the public authority, by a receiver, is in possession of a railroad, and conducting its operations, the agents and employees are no longer

those of the company. 55 *Ga.*, 481. This is the rule where the receiver is in under a court of equity, and the like rule is applicable where the receiver is in under the executive. There is no difference in principle. For the charter provisions under which the seizure took place, see the acts of 1870 and of 1868, charter of the North and South Railroad, as amplified by that of the Air-Line Railroad.

Judgment affirmed.