WACO LODGE No. 70, I. O. O. F., v. SARAH L. WHEELER.

(Case No. 3311.)

1. SERVICE OF GARNISHMENT.— To authorize a judgment by default against a corporation, service of process requiring the corporation to appear and answer must be made either on the president, treasurer, principal officer or agent of the corporation, or on the agent or person representing such corporation in the county within which the cause of action arose. Service upon a trustee of the corporation will not be sufficient, unless, in addition to being such trustee, he sustains to the corporation some one of the relations above enumerated.

ERROR from McLennan.   Tried below before the Hon. X. B. San-ders.

Mrs. Sarah L. Wheeler brought suit against the Southern Life Insurance Company in the district court of McLennan county to recover $5,000, the amount of a policy on the life of her deceased husband.   At the same time affidavit was made and a writ of garnishment issued against plaintiff in error and served upon S. W. Mabry, S. A. Killough and B. F. Richey as trustees.   Judgment by default was rendered against the life insurance company for the amount of the policy, and at the same time against plaintiff in error as garnishee.   The latter judgment was brought before the court on writ of error.   The only question raised by the assignment of errors considered in the opinion involved the legality of the service on plaintiff in error.

*Clark & Dyer*, for plaintiff in error, cited, besides the statute, O'Brien *v.* Canal Co., 10 Cal., 332; Aiken *v.* Mining Co., 6 Cal., 199; Drake on Attachments, § 470.

No briefs for defendant in error.

WATTS, J. COM. APP.— This was a judgment by default rendered against plaintiff in error as garnishee.   The affidavit for the writ of garnishment recites that the affiant had " reason to believe that Waco Lodge No. 70, Independent Order of Odd Fellows, which lodge is a private corporation chartered by an act of the legislature of the state of Texas, approved the 26th day of January, 1874, and whose trustees are S. W. Mabry, S. A. Killough and B. F. Richey, who are resident citizens of McLennan county, state of Texas, is indebted to said life insurance company."   A copy of the writ of garnishment was served upon each of the parties named as trustees.   Plaintiff in error insists that there was no legal service upon it to support the judgment by default.

The statute then in force providing for service of process upon private corporations consisted of two sections.   First, by section 2 of " An act to fix the venue in certain cases," approved March 21, 1874, it is enacted " That service of process on any of such corporations may be had by delivering a copy of such process, with certified copy of plaintiff's petition, if any, to the president, secretary, treasurer, principal officers, or the agent."

By section 2 of " An act to confer jurisdiction of certain civil causes on the courts in the several counties in this state," approved

April 17, 1874, it is enacted " That service.of process may be had on any such corporation, association, or joint stock company, by delivering a copy to the agent or person representing such corporation in the county in which the cause of action or a part thereof arose." It does not appear from the allegations in the affidavit for the writ of garnishment that the trustees named are embraced in the terms of the statute. They are not shown to be principal officers, or agents or persons representing the corporation. For anything appearing to the contrary, they might be the trustees of the corporation for a particular or limited purpose, holding the legal title to some particular piece of property for the corporation. It does not appear that these trustees or either of them was "president, secretary, treasurer, principal officer, agent, or representing the corporation · in McLennan county;" and borrowing the language of the supreme court of California in O'Brien· v. Canal Co., 10 Cal., 343, "The summons might, with as much propriety, have been served upon any other stranger."

To authorize a judgment by default against a corporation, the process must be served in the manner and upon some one of the persons named in the statute. And as that was not done in this case, the judgment against plaintiff in error ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved June 5, 1883.]