WATERMAN, Administratrix, etc., Appellant, vs. THE TOWN OF WATERLOO, Respondent.

*September 2 — September 20, 1887.*

*Limitation of actions on judgments.*

A judgment of the circuit court of the United States for the district of Wisconsin, rendered in 1866, was one of a " court of the United States," within the meaning of subd. 1, sec. 16, ch. 138, R. S. of 1858; and, under that statute, an action upon such a judgment is barred by the lapse of ten years. The limitation is changed to twenty years, as to judgments of the federal courts sitting in this state, by sec. 4220, R. S. 1878.

APPEAL from the Circuit Court for *Jefferson* County.

The action was commenced August 26, 1886, and is upon a judgment recovered against the defendant in the circuit court of the United States for the district of Wisconsin, September 13, 1866, and upon several bonds issued by the town September 1, 1856, and due September 1, 1876. The defendant pleaded the ten years' statute of limitations to the first cause of action, and demurred to all the others. From a judgment dismissing the first cause of action on the merits, and sustaining the demurrer as to the others, the plaintiff appeals.

For the appellant there was a brief by *Finches, Lynde &*

*Miller*, attorneys, and *E. P. Smith*, of counsel, and oral argument by *Mr. Smith*. They contended, among other things, that a court of the United States, sitting within this state, having concurrent jurisdiction with the state courts, using the same process, giving effect to the same laws, and in many cases following the judicial exposition given by the state courts to those laws, is "a court of record of this state," within the meaning of subd. 1, sec. 16, ch. 138, R. S. 1858, and an action upon a judgment of such court is barred only by the lapse of twenty years. Act of Congress of 1879, ch. 20, sec. 11; *Claflin v. Houseman*, 93 U. S. 136; *Simon v. Mann*, 33 Minn. 413; *Ex parte Schollenberger*, 96 U. S. 377; *Barney v. Patterson*, 6 H. & J. (Md.), 170; *Thompson v. County of Lee*, 22 Iowa, 206; *Green v. Neal's Lessee*, 6 Peters, 291. The federal courts sitting in this state apply this rule to its statutes of limitation. *Nicolls v. Rodgers*, 2 Paine, 437; *McCluny v. Silliman*, 3 Peters, 270; *Bank of Ala. v. Dalton*, 9 How. 522; *U. S. v. Mundel*, 6 Call (Va.), 245; *Cole v. Weil*, MS. decision of Judge MILLER in 1870; *Mewster v. Spaulding*, 6 McLean, 24; *Turnbull v. Payson*, 95 U. S. 418; *Womack v. Dearman*, 7 Porter (Ala.), 513. The statute of 1858 is a revision of that of 1849, and must receive the same interpretation, unless the intent to change it affirmatively appears. Bishop on Stat. Crimes, sec. 98; Angell on Limitations, 14; Sedgwick on S. & C. Law, 299–365; *Conger v. Barker*, 11 Ohio St. 1–13; *State v. Shelby Co.* 36 id. 326; *Ash v. Ash*, 9 id. 387; *Paramore v. Taylor*, 11 Grat. 222; *Myer v. Western Car Co.* 102 U. S. 1–4.

For the respondent there were briefs by *Hall & Skinner*, attorneys, and *Gregory, Bird & Gregory*, of counsel, and oral argument by *Daniel Hall* and *G. W. Bird*. To the point that by a fair interpretation of the ten-years statute of limitations (subd. 1, sec. 16, ch. 138, R. S. of 1858), the first cause of action was barred, they cited *McCluny v.*

*Silliman,* 3 Peters, 270; *Clementson v. Williams,* 8 Cranch, 72; *Leffingwell v. Warren,* 2 Black, 599; *Bell v. Morrison,* 1 Peters, 360; *Fisher v. Harnden,* 1 Paine (C. C.), 61; *Maillard v. Lawrence,* 16 How. 251; *Levy's Lessee v. McCartee,* 6 Peters, 102; *Brightman v. Kirner,* 22 Wis. 54; *Hanson v. Taylor,* 23 id. 547; *Harrington v. Smith,* 28 id. 43; *Lindsay v. Fay,* id. 177; *Encking v. Simmons,* id. 272; *Fallass v. Pierce,* 30 id. 443; *Landon v. Burke,* 33 id. 452; *Mundt v. S. & F. du L. R. Co.* 31 id. 457. The suit became barred by the statute of 1858, while that was in force, and no subsequent statute could renew it. *Sprecher v. Wakeley,* 11 Wis. 432; *Hill v. Kricke,* id. 442; *Knox v. Cleveland,* 13 id. 245; *Parish v. Eager,* 15 id. 532; *Smith v. Cleveland,* 17 id. 556; *Pleasants v. Rohrer,* id. 577; *McKinney v. Springer,* 8 Blackf. 506; *Stipp v. Brown,* 2 Carter, 647; *Wires v. Farr,* 25 Vt. 41; *Davis v. Minor,* 1 How. (Miss.), 183.

ORTON, J. The first cause of action was a judgment rendered in the circuit court of the United States for the district of Wisconsin, in favor of Charles Howard and against the town of *Waterloo,* on the 13th day of September, 1866, for $4,535.01. To this cause of action the defendant plead the statute of limitations of ten years, by virtue of subd. 1 of sec. 16 of ch. 138, R. S. 1858. The said Howard died in 1883, and the plaintiff was appointed administratrix with the will annexed, and copies of the will and letters were filed in Milwaukee county in August, 1886, and this action was commenced on the 26th day of August, 1886. The circuit court found that said first cause of action was barred by said ten-years statute of limitations of 1858, and judgment was rendered thereon in favor of the defendant. On this appeal from said judgment the only question is whether said ten-years statute applied to said first cause of action or said judgment, rendered in the circuit court of the United States for the district of Wisconsin, on the 13th day of September, 1866.

This is a new question in this court, but we do not think that there is the least possible doubt about the construction of this statute; indeed, the language is too plain and explicit to admit of construction. It has but one meaning. Sec. 16, ch. 138, R. S. 1858. "Within ten years. (1) An action upon a judgment or decree of any court of record of any state or territory, within the United States, *or of any court of the United States.*" This cause of action is a judgment of a court of the United States, and therefore within the very language of this statute, and barred by it. Previous to this statute the judgments of all courts of record were barred in twenty years. In 1858 the legislature saw fit to bar all judgments or decrees of state courts other than those of this state, and of all territorial courts, and of any court of the United States, in ten years, and leave the twenty years limitation upon a judgment or decree of any court of record of this state as in sec. 15.

In the revision of 1878, in sec. 4220, the judgments or decrees of United States courts, *sitting within this state,* were placed, with judgments and decrees of the courts of record of this state, under a bar of twenty years, and the revisors say in their note to said section: "Judgments of United States courts *in this state* are *put* on the same footing as *domestic* judgments, *as manifestly proper.*" Who put them on the same footing and when were they put on the same footing as domestic judgments? Why, the revisors, and by the revision, as a matter of course. Most certainly the history of this legislation, and the changes manifestly made, do not cast any doubt upon the plain and obvious meaning of this language. Any argument of construction based upon this language might imply a doubt where none can exist. Similar language in the state insolvent law of Minnesota, in *Simon v. Mann,* 33 Minn. 413, was held to include the circuit court of the United States for the district of Minnesota, but only "in view of the scope and practice

of the insolvent law." That the circuit courts of the United States are properly called domestic courts of the states wherein they are held, could not possibly change the meaning of this language, " or of any court of the United States," without destroying it entirely. What other United States courts, except the district and circuit courts of the United States, render judgments upon which the statute of limitations can run? The revisors seemed to think that *they had put* the judgments of these courts upon the footing of *domestic* judgments by an amendment in the revision; not to make them *domestic,* but " to put them on the same footing " under the limitation law. The authorities cited by the learned counsel of the appellant have no possible application or effect to cast a doubt on this plain language of the statute. It has been very properly changed in the revision of 1878, but we must administer the law applicable to this case as we find it.

*By the Court.*— The judgment of the circuit court is affirmed.