## THE KIRBY CARPENTER COMPANY v. JOHN TROMBLEY.

*Garnishment—Service on foreign corporation—Replevin—Costs.*

1. The provision of How. Stat. § 7086, that "in all cases of proceedings by garnishment against corporations, whether foreign or domestic, service of any process in the manner above provided for in case of foreign corporations [*i. e.*, on any officer, member, clerk, or agent thereof within this State], shall have like force and effect as personal service upon natural persons." is limited in its application to garnishment proceedings in which the original suit is commenced by attachment.

2. Plaintiff, an Illinois corporation, replevied from the defendant certain property which he had seized upon an execution issued by a justice of the peace on a judgment rendered against the plaintiff as garnishee. The officer who served the garnishee summons returned that he had served the same by delivering to Andy L. Robbins, the agent of the said corporation having charge of its affairs within the county where the suit was brought, a copy of said summons. And it is held that, for aught that appears from the return, the agent named may have been a mere custodian of property, without authority to control the affairs of the corporation in the matter of making contracts of any kind; that if the return had stated that the corporation was conducting a business of any kind within the county where the service was made, and that such business was within the charge and control of said agent, it would doubtless have been sufficient; but that, as made, it was not

sufficient to confer jurisdiction, under 3 How. Stat. § 8055, as amended by Act No. 178, Laws of 1891.[1]

·3. Where the appraised value of the property seized on a writ of replevin issued from the circuit court is less than $100, and the affidavit and writ are silent as to such value, and the only evidence thereof is the appraisement, the defendant, on the recovery of judgment by the plaintiff, should have judgment for costs; citing *Kittridge v. Miller*, 45 Mich. 478.

Error to Iron. (Stone, J.) Submitted on briefs June 8, 1894. Decided July 10, 1894.

Replevin. Defendant brings error. Modified and affirmed. The facts are stated in the opinion.

*Julius J. Patek* (*Cahill & Ostrander*, of counsel), for appellant.

` *B. J. Brown,* for plaintiff.

MONTGOMERY, J. This case involves the validity of a judgment rendered against the present plaintiff as garnishee of one Dell Gaffany, the plaintiff's contention being that the return of the officer fails to show valid service of the

---

[1] For cases bearing upon the question of who is an officer or agent, within the meaning of the statutes authorizing the service of process in certain cases upon any "officer or agent" of a corporation, see:

1. *Pettit v. Booming Co.*, 74 Mich. 214, holding that a book-keeper is not an officer or agent within the meaning of Act No. 175, Laws of 1885 (3 How. Stat. § 8055), which authorizes garnishment proceedings against corporations.

2. *Shafer Iron Co. v. Circuit Judge*, 88 Mich. 464, where service of a writ of garnishment was made upon the resident agent of a foreign mining company, whose duties consisted in acting as custodian of the corporate property in the county where the company's mining operations were carried on, and inspecting the work of its contractors in said county; which service was sustained under 3 How. Stat. § 8086, which authorizes such service upon any officer or agent of a foreign corporation found within this State.

And see an extensive note to *Foster v. Lumber Co.*, 23 L. R. A. 490, for a discussion of the question who may be served with process in a suit against a foreign corporation.

garnishee process.    The return of the officer shows a service upon the defendant foreign corporation "by delivering to Andy L. Robbins, the agent of the said Kirby Carpenter Co. having charge of its affairs within said county of Iron, a copy thereof." The court below held that this return did not give the justice jurisdiction.

1. The question is raised as to whether the validity of this service is to be determined by the provisions of section 7086, How. Stat., or whether section 8055, as amended by Act No. 178, Laws of 1891, covers the subject.

We think it obvious that section 7086 has no application. That section is limited in its application to garnishment proceedings in which the original suit is instituted, by attachment. This is made clear by the title to the original act, which is, "An act to regulate proceedings in attachment against foreign corporations in certain cases."

Section 8055, as amended, provides that service may be made upon "the president, cashier, secretary, treasurer, general or special agent, superintendent, chief clerk, or other principal officer of such corporation." Does the return in question show service upon a general or special agent within the meaning of this section?

We think the case is within the ruling in *Lake Shore & M. S. Ry. Co. v. Hunt,* 39 Mich. 469. In that case it was said that—

"The terms 'general or special agent' are very indefinite, but employed, as they are here, in association with terms designating the principal officers of the corporation, they evidently intend agents who, either generally or in respect to some particular department of the corporate business, have a controlling authority, either general or special. They do not mean every man who is intrusted with a commission or an employment."

It is true that the return in the present case shows that the agent Robbins had charge of the affairs of the company

101 MICH.—29.

within said county of Iron; but it does not appear what was the nature of the affairs of the company within the county. For aught that appears, the agent may have been a mere custodian of property, without authority to control the affairs of the corporation in the matter of making contracts of any kind. If the return had stated that the corporation was conducting a business of any kind within the county, and that such business was within the charge and control of the agent, it would doubtless have been sufficient. We think the circuit judge was right in holding that the return was not sufficient to confer jurisdiction.

2. It is contended that the defendant should have judgment for costs. The appraised value of the goods replevied was $54.50. Neither the affidavit nor the writ set forth the value of the property, and there was no evidence, other than the appraisement, as to the value. We think, under these circumstances, defendant should have had judgment for costs. See *Kittridge v. Miller*, 45 Mich. 478. There was, however, a stipulation between the parties that no attorney's fees should be taxed by or against either party to the suit, and, as the circuit judge rendered judgment without costs to either party, it is apparent that he understood this stipulation to cover all costs, and it does not appear that defendant sought to correct this erroneous impression. Under these circumstances, we do not think the costs on this appeal should be withheld from the plaintiff.

The judgment will be modified. The defendant will be entitled to recover his actual disbursements, if any, in the court below. In all other respects, the judgment will stand affirmed, with costs to plaintiff.

The other Justices concurred.