| 55    231|
|e113  1529|

## Illinois Central Railroad Company v. Pairpoint Manufacturing Company.

1. SERVICE OF PROCESS—*General Solicitor of a Corporation.*—A general solicitor of a corporation is a person not named in the statute providing for service of process upon corporations. The court can not know judicially what his duties are. If he is an agent the officer making the service must take the responsibility of saying so.

2. SAME—*An Insufficient Return.*—A summons issued against the Illinois Central Rrailroad Company was returned by the sheriff, as follows: "Served this writ on the within named defendant, the Illinois Central Railroad Company, by delivering a copy thereof to James Fentress, general solicitor of said company, this fifteenth day of August, 1892, the president not found in my county." *Held*, not sufficient to give the court jurisdiction.

Memorandum.—Assumpsit. In the Circuit Court of Cook County the Hon. SAMUEL P. McCONNELL, Judge, presiding. Error by the defendant. Heard in this court at the October term, 1894, and reversed. Opinion filed October 22, 1894.

C. V. GWIN, attorney for the plaintiff in error; JAMES FENTRESS, of counsel.

LYMAN & JACKSON, attorneys for defendant in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This writ of error is prosecuted from a judgment by default against the railroad company. The return of service of summons is as follows:

" Also served this writ on the within named defendant, The Illinois Central Railroad Company, by delivering a copy thereof to James Fentress, general solicitor for said company, this 15th day of August, 1892. The president not found in my county.

JAMES H. GILBERT, Sheriff.

By D. W. NICKERSON, Deputy Sheriff."

What the duties of the general solicitor may be, we can not know judicially. If he is an agent the sheriff must take the responsibility of so saying. Ill. & Miss. Tel. v. Kennedy, 24 Ill. 319.

Unless the statutory word is used to describe the person to whom a copy was delivered, we can not know that he had the statutory position. Imperial Bldg. Co. v. Cook, 46 Ill. App. 279.

That case is also authority for reversing without remanding, which is now done.