TOLEDO ICE CO. *v.* MUNGER.

1. CORPORATIONS—BUSINESS OFFICE—AGENT IN CHARGE—SERVICE OF PROCESS—JURISDICTION.

> 2 Comp. Laws 1897, § 7056, relative to manufacturing corporations, requires such corporations to maintain one business office in the State, at a place designated by the stockholders and certified to the secretary of state, and authorizes the service of notice or process on the corporation by serving its agent in charge of such office. Section 7066 provides that notice or process against such a corporation may be served on an agent in charge of any business office of the corporation in the State. *Held,* that a court acquires no jurisdiction of an action against such a corporation where the summons is served on an agent of the corporation in charge of an office other than the business office designated by the stockholders and certified to the secretary of state.

2. SAME—SUMMONS—RETURN.

> Under 2 Comp. Laws 1897, §§ 7056, 7066, permitting service of notice or process to be made on manufacturing corporations by serving the agent of the corporation having charge of its designated business office, a return on a justice's summons which shows that the service was made on an agent, but does not state that it was the agent in charge of such office, does not confer jurisdiction on the justice.

Error to Washtenaw; Kinne, J. Submitted April 5, 1900. Decided May 2, 1900.

Replevin by the Toledo Ice Company against Frank Munger, deputy sheriff of Washtenaw county. From a judgment for defendant, plaintiff brings error. Reversed.

*A. J. Sawyer & Son,* for appellant.

*Cavanaugh & Wedemeyer,* for appellee.

MONTGOMERY, C. J. This is an action of replevin for property seized by defendant upon an execution issuing from justice's court, and directed against the property of

plaintiff.   The question involved is whether the justice
obtained jurisdiction of the case.   The return of service of
the justice's summons shows that it was made upon the
defendant by serving a copy upon Albert Krasny, "its
agent."   The corporation was organized under the statute
relating to manufacturing corporations.   The two sections
which bear upon the question of service are sections 20
and 30 of that act, being sections 7056 and 7066 of the
Compiled Laws of 1897.   These sections read as follows:

"SEC. 20.   It shall be lawful for any corporation organ-
ized or existing under the provisions of this act to estab-
lish an office or offices for the transaction of business with-
out this State and within the United States, and to hold
any meeting of the stockholders or directors of such com-
pany at such office so provided for: *Provided,* that there
shall always be one business office within this State, and
that service of any notice or process may be made upon
the agent in charge of such office, which shall be binding
upon such corporation.   The place of holding such offices
shall be fixed by a vote of a majority of stockholders at
any lawful meeting called for that purpose, and after
being fixed shall not be changed within one year, and
shall be certified by the directors of such corporation to
the secretary of state of this State within two months
from the time such office or offices were so located."

"SEC. 30.   Service of any notice or legal process against
any corporation formed or existing under this act may be
made on the president, secretary, or treasurer, or upon
the agent in charge of any business office of such corpora-
tion within this State, or, if neither of such officers or
agent can be found, then such service may be made by
posting a true copy thereof in some conspicuous place at
the business office of the corporation in this State."

It is the contention of plaintiff that the office designated
and provided by section 20 is the only office at which service
may be made upon the agent in charge.   The defendant
contends that any business office, whether one designated
and required by section 7056, or one elsewhere in use by
the company, is an office where service may be made upon
the agent in charge, under section 30, and the circuit
judge so held.   We think a fair reading of section 20 in-

dicates the legislative purpose to provide for a designation by a majority of the stockholders of a business office within this State where service of process may be had, and that the place of business so designated is the true office referred to in section 30. It appears in this case that such a business office was designated, in compliance with section 20; that the service was not had upon an agent at the office so designated, but that the service was made at Whitmore Lake,—a place where defendant was conducting some business operations.

There is another objection to this judgment, which is made in the brief of counsel. The return does not show that the service was made upon an agent in charge of an office of the company. So far as the designation in the return goes, it does not exclude an agent for some other distinct purpose, and we think this return conferred no jurisdiction upon the justice. See *Lake Shore, etc., R. Co.* v. *Hunt*, 39 Mich. 469; *Kirby Carpenter Co.* v. *Trombley*, 101 Mich. 447 (59 N. W. 809).

Judgment reversed, and new trial ordered.

The other Justices concurred.