### Franz Fahrig v. Milwaukee & Chicago Breweries, Limited, et al.

#### Gen. No. 11,043.

1. CORPORATION—*how, may be served.* An agent, within the meaning of the statute providing for service upon corporations, is an agent who does business for a corporation upon its authority and for its account, and a member of an advisory committee is not such an agent, in the absence of evidence showing what duties he performed and to what extent he acted for the corporation sought to be served.

2. SERVICE BY PUBLICATION—*when, does not confer jurisdiction to grant relief.* Where two corporations, one American and the other English, are parties defendant to a bill filed by a stockholder of the English corporation, service by publication upon such English corporation will not confer jurisdiction upon the court to grant personal relief against the directors of the American one, where such English corporation is a necessary party to a proceeding in which such relief is granted; but where such English corporation was organized and exists solely for the purpose of holding the legal title to the stock in such American corporation, a court of equity may upon such service, where the legal situs of the stock in the American corporation is within the jurisdiction of the court, enter a decree against such American corporation and its officers, requiring it and them to issue to the stockholders of such English corporation certificates of stock representing their several rights and interests in such domestic corporation.

3. CORPORATE STOCK—*situs of.* The general rule is that shares of stock in a corporation are personal property whose location is in the state where the corporation is created. It is true that for purposes of taxation and some other similar purposes stock follows the domicile of its owner; but considered as property separated from its owner, stock is in existence only in the state of the corporation.

Proceeding by stockholder against corporation for accounting and other relief. Error to the Circuit Court of Cook County; the Hon.

Frank Baker, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Reversed and remanded. Opinion filed April 12, 1904.

**Statement by the Court.** Plaintiff in error in his own behalf and in behalf of all others similarly situated filed in the Circuit Court of Cook County an amended bill, the material allegations of which for the purposes of this decision are that he is a stockholder in the Milwaukee and Chicago Breweries, Limited, (hereinafter called the English Company,) a corporation organized under the laws of Great Britain for the sole purpose of acquiring and holding the capital stock of the United States Brewing Company (hereinafter called the American Company,) a corporation created and existing under the laws of this state for the purpose of engaging in the manufacture and sale of beer with a capital stock of $5,000,000; that for some years past the American Company has owned and operated five extensive brewing plants of which three are situated in Chicago, and two in Milwaukee, Wisconsin.

The bill further alleges that three named directors of the American Company have misappropriated large sums of money belonging to said company, and sets forth in detail the unlawful manner in which such misappropriations have been made and the unlawful purposes for which the moneys have been expended by said directors; that the English Company has no property other than the shares of the capital stock of the American Company; that the only books of original entry in relation to the business of either company are kept at the brewing plants in Chicago and Milwaukee and are under the direct charge and control of the American Company, its officers and agents; that the only books kept by the English Company are in the form of reports or books based upon reports made to it by said directors, which reports are false and fraudulent and were known to them to be so at the time of making them, and were also known to be so by the directors of the English Company when they accepted the same; that the principal office of the English Company is in London, England, and its board of

directors elect and control the board of directors of the American Company; that the directors of both have colluded and conspired together to defraud the stockholders of the English Company in permitting the funds of the American Company to be squandered and misappropriated and giving out false reports of the condition of its business; that thereby the stock of plaintiff in error and the other stockholders in the English Company has greatly depreciated in value and become almost worthless and is not worth over five per cent of the face amount thereof.

The bill makes the two companies and the three named directors defendants and prays that an account may be taken of the moneys wrongfully paid out and expended by the directors and that they may be decreed to pay back such moneys into the treasury of the American Company, and if this relief cannot be granted, that then the English Company be decreed to hold the shares of stock of the American Company as trustee merely, for plaintiff in error and all other stockholders of the English Company in accordance with their respective interests, and that the officers of the American Company be ordered to issue and deliver to the stockholders of the English Company, including plaintiff in error, certificates of stock representing their several rights and interests in the American Company.

Personal service of summons was duly had upon all the defendants excepting the English Company and they appeared and demurred to the bill.   Upon the English Company, service was attempted to be made " by delivering a copy thereof (the summons) to John J. Mitchell, a member of the Advisory Committee in America of said company," and by delivering another copy to another member of said committee.   Having entered its special appearance for that purpose, the English Company moved to quash the return on the writ "for the reason that the same is not lawful service of process upon the said defendant."   The motion was granted and the return quashed.   Afterwards an affidavit of non-residence of the English Company was filed and notice published in pursuance of the statute, and all

provisions necessary to service by publication complied with. In due season, and the proper steps having been first taken, the complainant moved the court for a default of the English Company to the bill, and to overrule the demurrer to it of the resident defendants. Both motions were denied, the court holding that personal service upon the English Company or its general appearance was necessary in order to give the court jurisdiction and that it could not and would not proceed with the case in its then condition. It also refused to pass upon the demurrer to the bill until the English Company should be brought into court. Counsel for complainant claiming that the company was in court and that all known means for bringing it before the court had been exhausted, the court in order to make a final disposition of the suit sustained the demurrer and dismissed the suit, without, however, passing upon the merits of the bill. The record is now brought before this court on a writ of error.

NICHOLAS MICHELS and C. W. GREENFIELD, for plaintiff in error.

WINSTON, BABCOCK, STRAWN & SHAW, for defendants in error.

MR. JUSTICE STEIN delivered the opinion of the court.

Plaintiff and defendants in error join in requesting the court to refrain from deciding the demurrer to the bill. We shall therefore assume that it presents a proper case for the interposition of a court of equity.

From the nature of the bill and especially from its prayer it is manifest—and plaintiff in error admits—that the English Company is a necessary party to it and that no relief can be granted unless the company be before the court either in person or by property upon which the decree of the court can operate. Whatever decree the court may render must be binding upon that company by reason either of its being properly in court or of its ownership of property located within the jurisdiction of the court, otherwise there will be nothing to hinder it from obtaining the same

Fahrig v. Milwaukee & Chicago Breweries.

relief against the other defendants to the bill as is now prayed by plaintiff in error. The sole question, therefore, to be determined, is whether the English Company will be bound by any adjudication upon the bill at bar in the present condition of the record.

First. It is contended that the company was properly served by service of summons upon members of its "advisory committee." The statute (ch. 110, sec. 5) provides for service upon a corporation by leaving a copy of the process with its president, if in the county; if not, then by leaving a copy " with any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent, or any agent of said company found in the county." Under this language a member of an "advisory committee " in order to make the service good in this case must be an "agent " of the company within the meaning of the statute. Such an agent is one who does business for the corporation upon its authority and for its account. Equitable Produce and Stock Exchange v. Kayes, 67 Ill. App. 460; Fairbank v. B. R. Co., 54 Fed. 420; R. R. Co. v. McDermid, 91 Ill. 270. In I. C. R. R. Co. v. Manfg. Co., 55 Ill. App. 231, where a copy of the summons had been left with " a general solicitor," the court say: " What the duties of the general solicitor may be we do not know judicially. If he is an agent, the sheriff must take the responsibility of so saying." So here we have no judicial knowledge of the duties of a member of an advisory committee, and cannot say that he is an agent of the corporation, doing or charged with doing its business. On the contrary, the words imply that he does not represent it in any active capacity, but simply gives it advice. Such a person is not an agent within the purview of the statute. See cases, *supra.*

Second. By the bill the court is asked either to grant personal relief against certain directors of the American Company in respect of its funds alleged to have been wrongfully appropriated by them, or (if that cannot be done) to decree that the English Company as owner of the capi-

tal stock of the other, hold the same as trustee for the stockholders of the English concern and to apportion such stock among them as their interests may appear; and service by publication is relied on as conferring upon the court the requisite jurisdiction. We do not think that where service is by publication only and there is no general appearance of the foreign corporation the court can at the instance of one of its stockholders grant any personal relief against the directors of the domestic one. The foreign corporation not being before the court, the directors of the other in a suit brought by the foreign corporation might be held liable a second time and could not plead the former decree in bar. 4 Thompson on Corporations, secs. 4561, 4578; Story's Equity Pleadings, (9th ed.) sec. 61.

It remains to be determined whether plaintiff in error is entitled to the alternative relief prayed for. The sole asset of the English Company is the entire capital stock of the American. To acquire and hold this stock was the sole purpose for which it it was called into being. Upon well-established principles the property of a corporation is held by it in trust for its stockholders. The legal title is in it, but equitably it belongs to them. In the case at bar the capital stock of the American Company is held by the English Company as trustee for plaintiff in error and its other stockholders. We see no objection to the court's so decreeing provided the legal *situs* of the stock of the American Company is within the jurisdiction of the court. The case would then come within the principle of Cloyd v. Trotter, 118 Ill. 391, where it was held that service out of the state by copy of the bill and notice in a chancery case so far as property in this state was sought to be affected would give the court jurisdiction to decree concerning it. And in Bickerdike v. Allen, 157 Ill. 95, the court say (p. 100): "Where the object is to reach and dispose of property within the state or of some interest therein, service by pubcation or in some mode other than upon the person may be sufficient. * * * Jurisdiction is acquired in one of two modes: first, as against the person of the defendant by the service of process, or, secondly, by a procedure against the

Fahrig v. Milwaukee & Chicago Breweries.

property of the defendant within the jurisdiction of the court. Boswell's lessee v. Otis, 9 How. 336."

The general rule is that "shares of stock in a corporation are personal property whose location is in the state where the corporation is created. It is true that for purposes of taxation and some other similar purposes stock follows the domicile of its owner; but considered as property separated from its owner, stock is in existence only in the state of the corporation." 2 Cook on Corporations, 4th ed., sec. 485. The precise question here involved was before the Federal Supreme Court in Jellenik v. Mining Co., 20 Sup. Ct. Rep. 559, which was a suit brought in the District Court of the United States for the Western District of Michigan by stockholders in a Michigan corporation against the corporation and certain non-resident defendants. It was charged that by reason of certain fraudulent transactions set forth in the bill the non-resident defendants had acquired the legal title to certain shares of the capital stock of the company owned by complainants, and complainants prayed to be reinstated as full owners of the legal and equitable title to the shares. There was publication of service as to the non-resident defendants, but they did not appear and the District Court dismissed the bill saying it was "powerless to afford any effective aid to the complainants." The Supreme Court set aside the dismissal and remanded the case with directions to the lower court to proceed, holding that the complainants were entitled to the relief asked on the ground that the stock must be regarded as legally situate in Michigan and therefore within the jurisdiction of the court, although the defendants, the legal owners of it, were residents of other states and had not appeared.

In our opinion the learned chancellor erred in refusing to proceed with the case. The decree of the Circuit Court is reversed and the cause remanded with directions for such farther proceedings as are consistent with this opinion.

*Reversed and remanded.*

Mr. Justice BAKER having presided at the hearing of this case in the trial court, did not participate in the foregoing opinion.