## OKLAHOMA FIRE INS. CO. v. BARBER ASPHALT PAVING CO.

No. 1752. Opinion Filed May 14, 1912.

Rehearing Denied June 25, 1912.

(125 Pac. 754.)

1. **CORPORATIONS—Actions—Service of Process.** Where the statute points out a particular method of serving process upon a domestic corporation, such method is exclusive, and must be followed.

2. **SAME.** A service of summons upon a director of a domestic corporation, other than the chairman of the board, is unauthorized by section 5604, Comp. Laws 1909; it not appearing in the return that such director was chairman of the board, or that he occupied any office named in said section, though the return recites that the director served was "the highest officer" of the defendant corporation to be found in the county.

3.      SAME—"Chief Officer"—"Managing Agent." A director, by
or through the authority of his office, is not a "chief officer" or
"managing agent" of a domestic corporation, within the mean-
ing of section 5604, Comp. Laws 1909; hence service of summons
on the corporation cannot be had by the delivery of a copy of
the summons to such director.

(Syllabus by Sharp, C.)

Error from Superior Court, Muskogee County;
Farrar L. McCain, Judge.

Action by the Barber Asphalt Paving Company against the
Oklahoma Fire Insurance Company. Judgment for plaintiff, and
defendant brings error. Reversed and remanded.

Brook & Brook, for plaintiff in error.

Masterson Peyton, for defendant in error.

Opinion by SHARP, C. October 8, 1909, defendant in
error, plaintiff below, brought suit in the superior court of Mus-
kogee county against the plaintiff in error, defendant below, to
recover judgment on a certain policy of fire insurance thereto-
fore issued by said defendant to plaintiff. The defendant in error
is a New York corporation; the plaintiff in error a domestic
corporation. Summons was issued October 8, 1909, directed to
the sheriff of Muskogee county. The return thereon is in the
following language:

"State of Oklahoma, Muskogee County—ss.: Received
within summons on this the 8th day of October, 1909, and, as
commanded therein, made search for the president, vice presi-
dent, secretary and treasurer of the Oklahoma Fire Ins. Co., and,
failing to find any of said officers of said defendant company in
my county, I summoned the defendant, the Oklahoma Fire Ins.
Co., on this the 9th day of October, 1909, by delivering a certi-
fied copy of the within summons, with all of the indorsements
thereon, to Eck E. Brook, one of the directors of said company;
he being the highest officer of said defendant, the Oklahoma
Fire Insurance Company, to be found in my county. In witness
whereof, I have hereunto affixed my hand and seal on this the
9th day of October, 1909. R. B. Ramsey, Sheriff. J. M. Brucker,
Deputy."

Thereafter, and on the 13th day of October, 1909, the de-
fendant corporation appeared specially, and filed its motion to

quash the summons and purported service thereof, claiming that said summons was not issued and returned according to law, and that it was not served upon any officer or agent of defendant corporation, and that the court did not thereby acquire jurisdiction over said defendant. This motion was overruled and exceptions saved, and the action of the court is assigned as error.

Section 5604, Comp. Laws 1909, provides that:

"A summons against a corporation may be served upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; or, if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof."

Where the statute points out a particular method of serving process upon domestic corporations, such method must be followed. *Great West Mining Co. v. Mining Co.*, 12 Colo. 46, 20 Pac. 771, 13 Am. St. Rep. 204; *Illinois Central Ry. Co. v. Fairpoint Mfg. Co.*, 55 Ill. App. 231; *Toledo Ice Co. v. Munger*, 124 Mich. 4, 82 N. W. 663; *State ex rel. Ellis v. King Bridge Co.*, 28 Ohio Cir. Ct. 147; *Kernan, Adm'x, v. Northern Pac. Ry. Co.*, 103 Wis. 356, 79 N. W. 403; *El Paso & S. W. R. Co. v. Kelley* (Tex.) 83 S. W. 855; *Kennedy et al. v. Hibernia Savings & Loan Co.*, 38 Cal. 151; *Aldrich v. Anchor Coal & Development Co.*, 24 Ore. 32, 32 Pac. 756, 41 Am. St. Rep. 831; *Reddington v. Mariposa, etc., Mining Co.*, 19 Hun, 405; *Cherry v. North, etc., Ry. Co.*, 59 Ga. 446; *Union Pacific Ry. Co. v. Miller*, 87 Ill. 45; *Waco Lodge Number 70, I. O. O. F., v. Wheeler*, 59 Tex. 554; Clark & Marshall on Corporations, sec. 267; *Chambers Bros. & Co. v. King, etc., Manufactory*, 16 Kan. 270. Section 68 of the Civil Code of Kansas, upon which the decision in *Chambers Bros. v. King, etc., Manufactory, supra*, is based, is identical with section 5604, Comp. Laws 1909.

That there must be a compliance with the statute is, perhaps, nowhere better expressed than by the Supreme Court of the United States, in *Amy et al. v. City of Watertown*, 130 U. S. 307, 9 Sup. Ct. 530, 32 L. Ed. 946, in which Mr. Justice Bradley, speaking for the court, said:

"The question, then, is reduced to this: Whether, in case the mayor has resigned, and there is no presiding officer of the board of street commissioners (a body which seems to take the place of the common council of the city for many purposes), service of process on the city clerk and on a conspicuous member of the board is sufficient. If the common law (which is common reason in matters of justice) were permitted to prevail, there would be no difficulty. In the absence of any head officer, the court could direct service to be made on such official persons as it might deem sufficient. But when a statute intervenes and displaces the common law, we are brought to a question of words, and are bound to take the words of the statute as law. The cases are numerous which decide that, where a particular method of serving process is pointed out by statute, that method must be followed, and the rule is especially exacting in reference to corporations. *Kibbe v. Benson,* 17 Wall, 624, 21 [L. Ed.] 741; *Alexandria v. Fairfax,* 95 U. S. 774, 24 [L. Ed.] 583; *Settlemier v. Sullivan,* 97 U. S. 444, 24 [L. Ed.] 1110; *Evans v. Dublin & D. R. Co.,* 14 Mees. & W. 142; *Walton v. Universal Salvage Co.,* 16 Mees. & W. 438; *Brydolf v. Wolf,* 32 Iowa, 509; *Hoen v. Atlantic & P. R. Co.,* 64 Mo. 561; *Lehigh Valley Ins. Co. v. Fuller,* 81 Pa. 398. The courts of Wisconsin strictly adhere to this rule. *Congar v. Galena & C. U. R. Co.,* 17 Wis. 478, 485; *Watertown v. Robinson,* 59 Wis. 513 [17 N. W. 542]; *Watertown v. Robinson,* 69 Wis. 230 [34 N. W. 137]. The two cases last cited related to the charter now under consideration. In the first case, service was made upon the city clerk and upon the chairman of the board of street commissioners, whilst the board was in session, in the absence of the mayor, who could not be found after diligent search. The court, after referring to the provisions of the charter, and the Revised Statutes on the subject, say: 'The question whether the Revised Statutes control as to the manner of service is not material inquiry here, because both the charter and general provision require the service to be made upon the mayor; but no service was made upon that officer, as appears by the return of the sheriff. The principle is too elementary to need discussion that a court can only acquire jurisdiction of a party, where there is no appearance, by the service of process in the manner prescribed by law.' In the last case (decided in 1887), service was made in the same manner as in the previous one, and the court say: 'When the statute prescribes a particular mode of service, that mode must be followed. *Ita lex scripta est.* There is no chance to speculate whether some other mode will not answer as well. This has been too often held

by this court to require further citations: When the statute designates a particular officer to whom the process may be delivered, and with whom it may be left, as service upon the corporation, no other officer or person can be substituted in his place. The designation of one particular officer upon whom service may be made excludes all others. The temporary inconvenience arising from a vacancy in the office of mayor affords no good reason for a substitution of some other officer in his place, upon whom service could be made, by unwarrantable construction not contemplated by the statute.' It is unnecessary to look farther to see what the law of Wisconsin is on this subject. It is perfectly clear that by that law the service of process in the present case was ineffective and void."

The fact that the defendant in the above case was a municipal corporation does not distinguish the rule announced from the instant case.

A number of the states have enacted that service on a corporation may be made upon a director. *Washington, A. & Georgetown R. Co. v. Brown,* 17 Wall. 445, 21 L. Ed. 675; *Pennsylvania R. Co. v. Bennett,* 47 N. J. Law, 275; *Delaware, etc., Ry. Co. v. Ditton,* 36 N. J. Law, 361; *Grubb v. Lancaster Mfg. Co.,* 10 Phila. (Pa.) 316; *Commonwealth v. Wilmington, etc., R. Co.,* 2 Pearson (Pa.) 408; *Webb v. Cape Fear Bank,* 50 N. C. 288; *Silsbee v. Quincy Hotel Co.,* 30 Ill. App. 204.

There is, however, no such statute in this state, though the statute specifically provides that service of summons may be had upon the chairman of the board of directors. The return of the officer does not show that Eck E. Brook was the chairman of the board, but, instead, that he was one of the directors of the corporation. The fact that the statute provides that summons may be had on the chairman of the board of directors speaks not only affirmatively, but it also speaks negatively. In such circumstances, the maxim, *Expressio unius est exclusio alterius,* has a particular application. In *Alabama & Tennessee R. Co. v. Burns-McKibbin Co.,* 43 Ala. 169, the summons was served on one of the directors of the railroad company. The court held that a director was not such a head or managing agent thereof as contemplated by the statute, and observed that a director, by virtue of his office, could attend to no business of the com-

pany himself; that there must be enough of the directory present to constitute a quorum, and that they must meet at a time and place at which every other director might attend; and that it was only in such a meeting that he was an officer of the company. The fact that the return shows that Eck E. Brook, a director, was the highest officer of the defendant corporation to be found in the county does not make him a "chief officer" or "managing agent," within the terms of the statute.

The assignment raises a question entirely- different from that passed .upon by this court in *Ravia Granite Ballast Co. v. Wilson,* 22 Okla. 689, 98 Pac. 949; *Ozark Marble Co. v. Still,* 24 Okla. 559, 103 Pac. 586; *Cunningham Com. Co. v. Rorer Mill & Elevator Co.,* 25 Okla. 133, 105 Pac. 676. There the question was one of the right of substituted service, where the return failed to state the absence from the county of the president, mayor, etc., and did not go to the question of the right to serve summons on an officer inferior in statutory rank, where proper showing of the absence of the superior officer appeared.

The motion to quash the service of summons should have been sustained. Exceptions being saved to the action of the trial court in overruling the motion, the fact that defendant below .afterwards answered and went to trial does not constitute a waiver of its right to urge, as ground for reversal, the adverse decision on the motion to quash. *Chicago Building & Mfg. Co. v. Pewthers,* 10 Okla. 724, 63 Pac. 964; *St. Louis & S. F. R. Co. v. Clark,* 17 Okla. 562, 87 Pac. 430.

For the reason given, ·the judgment of the trial court should be reversed, and the cause remanded.

By the Court: It is so ordered.