## CLEVELAND COUNTY v. OKLAHOMA SANITARIUM CO.

No. 7535—Opinion Filed May 15, 1917.

(165 Pac. 171.)

**Appeal and Error — Summons in Error — Form.**

A summons in error is required to be served as in the commencement of an action; and where the statute points out a particular method of serving process upon a domestic corporation, such method is exclusive and must be followed.

(Syllabus by Bleakmore, C.)

Error from County Court, Cleveland County; B. F. Wolf, Judge.

Proceeding by Cleveland County, by and through its County Commissioners for and on behalf of the County and the State of Oklahoma and J. P. Whittinghill, Tax Inquisitor in and for said County, against the Oklahoma Sanitarium Company (now Oklahoma State Hospital). From a judgment of the county court on appeal from a dismissal by the county treasurer dismissing the proceeding, the plaintiffs bring error. Motion to quash the summon in error sustained.

W. L. Eagleton and J. P. Whittinghill, for plaintiff in error.

Burford, Robertson, Hoffman & Burford, for defendant in error.

Opinion by BLEAKMORE, C. On October 1, 1914, the Oklahoma Sanitarium Company was notified by registered letter by the county treasurer of Cleveland county that information had been filed in his office by the tax ferret that certain of its property subject to taxation had not been assessed, and that after ten days from the receipt of such notice any written protests submitted by it, together with the recommendations of the tax ferret, would be considered, etc. The registry return receipt for such letter, dated October 7, 1914, was by "D. W. Griffin, Supt." Upon hearing before the county treasurer on

whereupon an appeal was had to the county court of Cleveland county, wherein, on May 21, 1915, by judgment of that court, the proceedings were again dismissed, to review which the cause has been lodged in this court by petition in error with case-made attached.

There was no waiver of summons in error; but such summons was issued out of this court commanding the sheriff of Cleveland county to notify the Oklahoma Sanitarium Company (its name being now changed to "Oklahoma State Hospital") of the filing of the petition in error, etc., returnable on or before July 31, 1915. Upon this summons the following return was made by the sheriff:

"I received the within summons in error July 20, 1915, and served the same by delivering a true copy of the original now in my possession to Dr. D. W. Griffin at the Oklahoma State Hospital at Norman, Okla. I cannot find P. J. Whittinghill in my county this July 26, 1915.

"Claud Pickard, Sheriff,

"By L. P. Barker, Deputy."

Defendant in error, appearing specially and only for the purpose, has moved to quash the service of summons on the following grounds:

"First. Said summons was not served upon any person service upon whom would bind the defendant or bring it into court.

"Second. The return of the sheriff upon such summons in error does not show upon its face that service was made upon any person service upon whom would bind this defendant or bring it into court."

The motion is supported by the affidavit of D. W. Griffin, wherein he states:

"That the Oklahoma Sanitarium Company was a corporation organized under and by virtue of the laws of the state of Oklahoma, and for a period of several years said corporation owned, maintained, and operated a sanitarium and hospital at Norman, Okla., for the care and treatment of insane persons, and for several years affiant was in the employ of said corporation as its superintendent and principal physician in charge of said hospital.

"That the charter or articles of incorporation of said Oklahoma Sanitarium Company expired by limitation on the 24th day of November, 1914, since which time it has never attempted to do or transact any business; that the last meeting of the stockholders and directors of said corporation was held on the 20th day of November, 1914, at the office of the company in the city of Norman, in Cleveland county, Okla., at which time and meeting all of the assets and property of said corporation was sold, transferred, and delivered to the Oklahoma State Hospital, a corporation, duly organized and do-

ing business under and by virtue of the laws of the state of Oklahoma; that all of the assets and moneys of said corporation were distributed to its stockholders, and there has never been any meeting of the former stockholders or directors of said corporation since said dates, and said corporation became and was then and there dissolved; that said Oklahoma Sanitarium Company never at any time changed or attempted to change its name, but carried on and transacted business under and in its chartered name, until said charter expired at the end of the 20 years for which it was originally incorporated; that the Oklahoma State Hospital, a corporation, thereafter sold, conveyed, transferred, and delivered all of its property, real and personal, the same being largely the property formerly acquired and owned by the Oklahoma Sanitarium Company, to the state of Oklahoma, and the state now maintains, supports, and operates said hospital as a state hospital for the insane at public expense.

"That affiant is now, and was at the time said summons was attempted to be served upon him, employed by the state of Oklahoma as superintendent and physician in charge of said state hospital; that he was not at the time said summons or copy was left with him and service thereof attempted to be made upon him an employe, officer, or agent of the defunct dissolved Oklahoma Sanitarium Company, nor the agent of or in the employ of the Oklahoma State Hospital, a corporation; that he has no right or authority to appear for or represent either of said corporations. * * *"

By Rev. Laws 1910, it is provided:

"4715. A summons against a corporation may be served upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer, or upon an agent duly appointed to receive service of process; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; or, if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof."

"5238. The proceedings to obtain such reversal, vacation or modification, shall be by petition in error, filed in the supreme court, setting forth the errors complained of; and thereupon a summons shall issue and be served, or publication made, as in the commencement of an action. A service on the attorney of record, in the original case, shall be sufficient."

It appears from the foregoing affidavit and return of summons that defendant in error is a domestic corporation; that service of such summons was not had upon its president, chairman of the board of directors, or trustees, or other chief officer, or upon an agent appointed to receive service of process, and it

does not appear that its chief officer was not found in the county, or that service was had upon its cashier, treasurer, secretary, clerk, or managing agent, or that none of such officers could be found, and that copy of such summons was left at the office or usual place of business of such corporation with the person having charge thereof. It is obvious that the method of serving process upon a corporation as in the commencement of an action specifically prescribed by the statute was not followed in this case.

In Oklahoma Fire Insurance Co. v. Barber Asphalt Paving Co., 34 Okla. 149, 125 Pac. 734, in which the provisions of section 5604. Comp. Laws 1909, being the same as section 4715, Rev. Laws 1910, supra, were examined and construed, it was held:

"Where the statute points out a particular method of serving process upon a domestic corporation; such method is exclusive and must be followed."

It is an elementary principle that a court acquires jurisdiction of a party, where there is no appearance, only by service of process in the manner prescribed by law.

The motion to quash the summons in error is sustained.

By the Court: It is so ordered.