SPIKER *v.* AMERICAN RELIEF SOCIETY.

1. JUDGMENTS—FOREIGN JUDGMENTS—WANT OF JURISDICTION.
    A foreign judgment may be attacked for want of jurisdiction
    unless the transcript thereof affirmatively shows the existence
    . of jurisdiction in the court rendering the same.

2. CORPORATIONS — ACTIONS — SERVICE OF PROCESS — MANAGING
    AGENTS.
    One who has been, but at the time of service of process upon
        him has ceased to be, a solicitor of applications in a company
        which sells sick, accident, and funeral benefits, is not "a
        managing agent" of such company, within the meaning of
        the Ohio statute authorizing service of process upon the man-
        aging agent of a foreign corporation.

Error to Bay; Shepard, J. Submitted January 20, 1905. (Docket No. 94.) Decided May 22, 1905. Motion to modify judgment submitted July 21, 1905. Granted September 21, 1905.

Assumpsit by William Spiker, by his next friend, against the American Relief Society for the amount of a judgment rendered in a foreign court. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Reversed.

*F. P McCormick*, for appellant.

*Lee E Joslyn*, for appellee.

OSTRANDER, J.   Plaintiff brought suit, declaring specifically upon a judgment rendered in the court of common pleas for Tuscarawas county, Ohio, in favor of William Spiker, a minor, who sued by Evelyn Spiker, his next friend, and against defendant. Defendant, pleading the general issue, gave notice that it would be shown that the Ohio court had no jurisdiction to render the judgment,

because there was no service of process or notice of commencement of suit, in conformity to the mode prescribed by the statutes of Ohio; that a recital in the judgment entry "that defendant has had due legal notice of the pendency and prayer of this action," and a recital in the return of the sheriff that he served the defendant with the summons "by delivering personally to T. A. Lindsay, managing agent," were both untrue in fact; that T. A. Lindsay was never an officer or managing agent for defendant, and never authorized to accept or receive for defendant service of process, nor was said Lindsay acting in any capacity for defendant when the summons was served.

Unless the transcript of the Ohio judgment affirmatively showed that the court had jurisdiction, the defendant could attack the judgment for want of jurisdiction. *Wilcox* v. *Kassick,* 2 Mich. 165; *People* v. *Dawell,* 25 Mich. 270; *Shelton* v. *Tiffin,* 6 How. (U. S.) 163. Counsel for appellee concedes this to be so. The section of the Ohio statute in question reads:

"When the defendant is a foreign corporation having a managing agent in this State, the service may be made upon such agent."

Defendant is a Michigan corporation, and was never authorized to do business in Ohio by the officials of that State. Defendant had never designated any person or persons as its agent or agents in Ohio, upon whom process could be served, as the law of that State requires foreign companies doing business there. There was no appearance of the defendant in the Ohio court. The transcript offered in evidence shows no appearance, and counsel for plaintiff admits there was none. The transcript shows service to have been made as follows:

"On September 11, 1902, I served the within-named American Relief Society, by delivering personally to T. A. Lindsay, managing agent, a true and certified copy thereof, with all indorsements thereon. The president or other chief officers not found in my county."

The judgment entry recites:

"The court finds that the defendant has had due, legal notice of the pendency and prayer of this action."

The undisputed proof is that Lindsay, upon whom the service was had, had solicited applications in the place where he lived, and had received from defendant blank applications and a manual explaining the purposes of defendant. He collected the first monthly premium upon such applications as he took, and remitted that to defendant, and he retained the membership fee. He secured from 15 to 20 members. Sometimes, when a policy was issued, it was sent to Lindsay for delivery. All policies were issued at the home office. Lindsay sent the last application July 23, 1902, and remitted the last money September 3, 1902. At the time the summons was served he was not acting for defendant in any manner whatever. The court admitted the transcript in evidence, and instructed the jury that, under the evidence, plaintiff was entitled to a judgment for the amount of the Ohio judgment, with interest. It is said that the Ohio courts have so construed the statute in question that Lindsay is to be held a "managing agent" of defendant. If this is true, and under these decisions the judgment would not be, in that State, open to the attack here made upon it, the ruling of the circuit judge should be sustained.

The cases relied upon have been examined. *American Express Co.* v. *Johnson*, 17 Ohio St. 641, was a motion for leave to file a petition in error. Plaintiff in error, the American Express Co., was a foreign corporation, and the principal ground of error relied upon was the alleged insufficiency of the service of the original summons. At the time of the service the company had a general superintendent for the State, residing at Cleveland, and two or more local agents in the county of Madison, in which the action was brought. The one upon whom service was made resided at London, and kept an office there, where he received and forwarded packages for the company, and did all the business of the company usually transacted in such receiving and forwarding offices. The

court held that he was a managing agent, within the meaning of the Code.

In *Baltimore, etc., R. Co.* v. *Transportation Co.*, 32 Ohio St. 116, the railroad company was a foreign corporation, and service of process was made upon an alleged agent named Henry F. Heckert, who, appearing for that purpose only, moved to quash and set aside the service. The affidavit of this agent showed that his agency consisted in contracting for the transportation of freight over the railroad, and in attending to the transfer of freight to and from the connecting roads of said company, which had been shipped to or from any point on the said company's road on through bills of lading; that no part of the company's road or branches in Ohio extended into Hamilton county, in which the service was made. A blank printed bill of lading used by the said railroad company, introduced in evidence, had printed upon it, "H. F. Heckert, General Agent." The trial court overruled the motion to set aside the service. The supreme court says of this point:

" The court below found that Heckert was a managing agent, and we cannot say that it is proper to disturb that finding upon the evidence; and the case of *American Express Co.* v. *Johnson*, 17 Ohio St. 641, leaves little to be said upon the law relating to this question."

*Mohr & Mohr Distilling Co.* v. *Insurance Co.*, reported in 7 Wkly. Law Bul., at page 341, was tried in the superior court of Cincinnati. Both parties were foreign corporations. Jurisdiction depended upon service being made upon the defendant within the city of Cincinnati. It is said that service of a summons might be made upon a managing agent. The return of service seems to have been that it was made upon " John P. Whiteman, agent of said Lamar Insurance Company, and the chief officer of its agency in the city of Cincinnati. No chief officer of said company found." It was held that this return showed service upon a managing agent, citing *American Express Co.* v. *Johnson*.

These decisions do not, we think, support the contention that Lindsay was a managing agent. Some meaning, and that a reasonable one, must be given to the word "managing." In the absence of other authority, we think we should not assent to the rule that one who had been, but had ceased to be, a mere solicitor of applications in a company which sells sick, accident, and funeral benefits, is a *managing* agent of said company. For illustrative cases, see *Lake Shore, etc., R. Co.* v. *Hunt,* 39 Mich. 469; *Kirby Carpenter Co.* v. *Trombley,* 101 Mich. 447; *Toledo Ice Co.* v. *Munger,* 124 Mich. 4.

The record conclusively shows, also, that at the time of beginning this suit in this State William Spiker was more than 21 years of age. This appears from the transcript of the record of the Ohio court offered in evidence. The petition filed there is verified, and it states that "plaintiff is a minor, nineteen years of age December 5, 1901." The petition was filed by Evelyn Spiker, his next friend and mother, September 10, 1902. The suit was begun in this State in justice's court January 30, 1904, and in it the plaintiff is described as a minor, and the suit is begun in the name of his next friend. If Spiker was 19 years old December 5, 1901, he was 21 years old December 5, 1903. There is no other proof of age, except that the certificate, dated October 1, 1901, gives his age as eighteen years. This does not contradict the other position. Counsel for appellant urges that for this reason the transcript was not admissible in evidence without some further showing in this respect. The objection made was that the transcript did not identify the plaintiff in the present suit as the plaintiff described in the transcript.

For the error committed in holding the Ohio judgment to be a valid judgment, the judgment below should be reversed, with costs. No new trial will be granted, but the judgment of this court will be without prejudice to the right of the policy holder to begin another suit upon the policy, if so advised.

McALVAY, GRANT, BLAIR, and MONTGOMERY, JJ., concurred.

### ON MOTION TO MODIFY JUDGMENT.

PER CURIAM. The opinion and judgment of this court in this case will be so modified as to grant to the plaintiff a new trial, with costs of this court to defendant. No costs of motion.